Joseph Westermeier v. Henry Street.

No. 1518.—JOSEPH WESTERMEIER *v.* HENRY STREET.

Where a judgment in reconvention has been appealed from by the plaintiff, the judgment in his favor cannot be revised or amended on the answer of the appellee to the appeal.

To enable the lessee to recover damages in consequence of the failure of the lessor to deliver the premises leased at the date of the written lease, he must show that he has put the lessor in default.

The lessee, after notifying the lessor that the premises are in a leaky condition, may, if the lessor refuse, cause them to be repaired so that they will be tenantable, and deduct the expense of repairs from the rent.

APPEAL from the Fourth District Court of New Orleans—*Theard*, J. *T. J. Earhart* and *E. W. Huntington* for plaintiff and appellant. *Hornor & Benedict* for defendant and appellee.

HOWELL, J. This is a suit for the recovery of rent due and for the dissolution of the lease because of the failure to pay the rent, the defense to which is the general denial, with a demand in reconvention for damages caused, it is alleged, by the plaintiff's failure to deliver possession of the premises at the date stipulated, by delivering them in a leaky and otherwise untenantable condition, and by the illegal and malicious issuance and execution of the writ of provisional seizure.

Pending the trial in the court *a qua*, the plaintiff discontinued his demand for the dissolution of the lease, without prejudice to defendant's reconventional demand.

Judgment was rendered in favor of the plaintiff for the rent claimed, with five per cent. interest from the date of filing his petition, and lessor's privilege on the property seized, and in favor of the defendant on his demand for five hundred dollars with interest from judicial demand, the plaintiff to pay all costs of suit.

From the judgment against him for five hundred dollars damages, the plaintiff has appealed; and in answer to the appeal the defendant has prayed that the judgment of the lower Court be amended by striking out all that portion in favor of the plaintiff and by allowing defendant the whole amount of damages (five thousand dollars) claimed by him.

The judgment in favor of plaintiff has not been appealed from, and cannot be revised on the answer of the appellee.

As to the damages in the loss of business and the wages of employes, alleged to have been sustained in consequence of plaintiff's failure to deliver the premises at the date stipulated in the written lease, the defendant has neither alleged nor proven that he put the plaintiff in default. And besides, conceding that a lessor may be held liable for such damages, he has waived them by taking possession of the premises and paying rent without objection. The last and the further reason, that the lessee could have had the premises repaired on the lessor's refusal to do so, and have deducted the cost thereof from the rent, will not authorize him, under the evidence, to recover damages alleged to have resulted from the delivery of the premises to the lessee in a leaky

and otherwise untenantable condition. And as to the third item of damages, there is nothing in the record to show that the issuance of the writ of provisional seizure was illegal and malicious. On the contrary, it was authorized by law and sustained by the judgment of the Court *a qua*. But there was error in allowing damages and making plaintiff pay costs.

It is, therefore, ordered, that the judgment appealed from, which allows damages on defendant's reconventional demand, be reversed, and that there be judgment thereon in favor of plaintiff, with costs in both courts.