No. 1236.

CLEMENT BROS. VS. THEIR CREDITORS.

Where proceedings for a *cessio bonorum* have been taken by insolvents which are opposed by some of their creditors on the ground of fraud, and the insolvents have reconvened for damages because of the injury caused by the charge of fraud, and the jury find for the insolvents but reject their demand for damages and they alone appeal, the creditors cannot obtain an inquiry into those charges and a reversal of the judgment below on the principal demand by simply filing in this court a prayer for such reversal. They should have appealed.

Where charges of fraud are made in good faith upon reasonable grounds and without malice and are countenanced by surrounding circumstances and are apparently justified by recent acts of the parties to whom fraud has been imputed, there is no place for a claim for damages for any supposed injury resulting therefrom and the rejection of such claim by a jury will be approved.

APPEAL from the Fourteenth District Court, Parish of Calcasieu. *Reed,* J.

*Fournet & Gallaugher* for Plaintiffs and Appellants.

*Mitchell & Cappell* for Opponents and Appellees.

The opinion of the Court was delivered by

MANNING, J.   The Clement brothers, a firm of Lake Charles, petitioned the Court for leave to make a cession of their property, filed lists of their assets and liabilities, and prayed a meeting of their creditors which was ordered and held. Some of the creditors refused to at-

tend and instead, opposed the application *in toto* on the ground of fraud, the specifications of which were set out in detail and for the trial of which they invoked a jury. The insolvent firm answered this opposition by a demand of ten thousand dollars as damages for injury sustained by reason of these unfounded charges of fraud. The jury found for the plaintiffs, the insolvents, but without damages and they appeal.

The creditors opponents have not appealed although the verdict was against them, but they have filed in this court a prayer for the reversal of the judgment below, and that the whole proceedings in insolvency be set aside and for the affirmance of that part of the judgment that rejects the demand for damages. It does not appear to be an answer to the appeal nor is it so called. The relief sought is not obtainable in that way.

The opposing creditors should have appealed. Westermeier v. Street, 21 Ann. 714. They are not seeking an amendment of the judgment but its total reversal on the principal demand. They pray its affirmance upon the reconventional claim of the plaintiffs. As to the principal demand for the annulment of the insolvent proceedings on the ground of fraud they were cast by the verdict and to all appearance were content therewith. An appeal by them was necessary to obtain its reversal.

The only issue before us is the question of damages claimed in reconvention by the plaintiffs. The jury disallowed any and correctly.

These insolvents had acted on the eve of their acknowledgment of insolvency in a manner well calculated to excite suspicion of the honesty of their intentions. One of them hastened to put on record what he calls a mortgage in favour of his wife a few months before their petition was filed, and bought in her name a portion of the ceded property at the Syndic's sale. Mortgages had been made by the other insolvents to other parties who were relatives. Creditors saw or thought they saw in these and like acts preparations for a coming catastrophe, and when the catastrophe came, interpreted them as evidences of fraud that had been long secretly concocted. The execution of these mortgages does not of itself establish a fraudulent intent of the debtor, but when he seeks damages from his creditor because the latter acted on a belief inspired by those acts of his, he must be denied.

To say that men who seek the protection of our insolvent laws, surrounded by such suspicious circumstances, are entitled to damages against such of their creditors as charge them with fraud, would be to

give immunity to dishonesty by frightening every one from impugning it. Where charges of fraud are made in good faith upon reasonable grounds and without malice and are countenanced by surrounding circumstances and are apparently justified by recent acts of the parties to whom fraud is imputed, there is no place for a claim for damages for any supposed injury resulting therefrom. Vinas v. Merch. Ins. Co., 33 Ann. 1266.

Judgment affirmed.