HARVEY v. DEUTCHMAN

(December 10, 1928. Opinion and Decree.)

J. L. Warren Woodville, of New Orleans, attorney for plaintiff, appellee.

Bond, Curtis, Hall & Foster, of New Orleans, attorneys for defendant, appellant.

WESTERFIELD, J. This is a suit by a real estate broker for a commission. There was judgment for the plaintiff as prayed for, and defendant has appealed.

The defendant entered into a contract of mandate under date of November 15, 1922, the pertinent provisions of which are as follows:

"I hereby appoint S. A. Harvey, his heirs or successors, my Agent, and authorize him to sell or exchange my property known as (description of property given) more fully described on the reverse side of this paper, for the price and sum of Seventy Five Hundred cash Dollars ($7,500.00) net. Owner agrees to pay all mortgages. Interest and taxes for 1922 to be paid by the vendor. If property is sold for this amount or less, owner agrees to pay his Agent three per cent commission. I give my Agents sole control of same from date, and to put up signs; and further agree not to interfere in the sale of said property during the term of this Contract. I also bind myself to refer all applicants for the purchase of said property to my Agent. I will notify my Agent in writing and give him ninety days' notice if I desire this Contract discontinued.

"When this property is sold, I agree and bind myself to pay my Agents all over $7,500.00 for their commission, no matter by whom the property has been sold, or if any of the preliminaries of sale are made during the term of this Contract, and sale itself is consummated thereafter, I agree and bind myself to pay my Agents all over $7,500.00, and if sold for less than this amount owner agrees to pay three per cent commission."

Acting under the authority conferred on him, plaintiff endeavored to effect a sale of the property by the usual methods. He inserted a number of advertisements in the daily papers, and listed the property with other properties which he had for sale.

In July, 1925, more than two years after the agreement with plaintiff had been made, the defendant sold the property mentioned in the agreement, through another agent, without the knowledge of plaintiff,

notwithstanding the fact that no notice in writing of the intention of defendant, to revoke the mandate, had been given.

Defendant relies upon an alleged verbal agreement revoking plaintiff's authority, to which plaintiff's assent is claimed to have been given by silent acquiescence. This alleged verbal agreement is said to have been arrived at during a visit to plaintiff's office by defendant and his wife. At that time, defendant expressed dissatisfaction with the failure of plaintiff to obtain a purchaser for his property, as he expressed it:

"We went to his office around June, 1923, about the early part of June, and we had a little run in, and I says you got it six months and you can't sell it, and he showed me where he advertised it a few times and he said it ain't right to take it away. I said I am going to get somebody else and give them a chance, and he begged me so much I give him six months, and then I give it to Rhodes & Symmes and then to Danziger and Danziger sold it in 1925, and I did not hear from Harvey since except coming to court from his lawyer."

Mrs. Deutchman corroborates her husband in this version of what transpired on the occasion of their visit.

Plaintiff denies substantially everything that is testified to by the defendant and his wife, as having occurred on the occasion of their visit, except the fact that they had called upon him. He is, in a measure, supported by the fact, as it appears from the record, that out of 24 advertisements of defendant's property, inserted by him from time to time in the newspapers, 17 of them appeared after the date of this call, and 6 of them after the property had been sold by another. It will be noticed that defendant's account of his interview with plaintiff does not contain a definite claim of verbal notice of cancellation of the contract of mandate, and, in view of plaintiff's evident understanding that he was still authorized to sell the property as shown by his continued efforts to do so, even after it had been sold by another agent, we conclude that there was no verbal revocation to which plaintiff's assent was given, either expressly or by necessary implication due to a continued silence, when he should have spoken, consequently this case is not within the doctrine of Columbia Weighing Machine Co. vs. J. T. Balter, No. 11431 of our docket, not yet reported; Porter vs. Ledoux, 6 La. Ann. 377; Corpus Juris, volume 1, page 906, cited by defendant.

For the reasons assigned, the judgment appealed from is affirmed.