No. 3373

Second Circuit

MITCHELL v. HOLOMON ET AL.

(March 12, 1929. Opinion and Decree.)

Kennon and Kitchens, of Minden, attorneys for plaintiff, appellant.

McInnis and Campbell, of Minden, attorneys for defendants, appellees.

WEBB, J. Plaintiff, Minerva Mitchell, instituted this action against V. R. Holomon and the Bridges-Channel Clothing Company, a commercial partnership, to recover judgment against Holomon for damages alleged to have been sustained as the result of the failure and refusal of Holomon to comply with a contract made with plaintiff, and to recover judgment against Holomon and the Bridges-Channel Clothing Company decreeing the nullity of a certain note and mortgage securing same, which note had been drawn by plaintiff and had passed into the hands of Holomon and thence to Bridges-Channel Clothing Company.

The substance of plaintiff's contention is that, she had, on December 11, 1925, entered into a contract with Holomon, wherein the latter agreed to erect a dwelling house on a certain lot belonging to plaintiff by the first of the year 1926, for the price of six hundred sixty-five dollars, which was to · be paid by plaintiff in installments of thirty dollars per month, beginning after the completion of the building, but that Holomon had obtained from plaintiff one hundred fifteen dollars at the time of the agreement and had fraudulently persuaded her to draw a note for six hundred sixty-five dollars payable to her order, on August 27, 1927, and by her endorsed in blank and secured by a mortgage on the lot on which Holoman had agreed to construct the building, and that Holomon had obtained possession of the note and had negotiated it to the Bridges-Channel Clothing Company which had full knowledge of the transactions between plaintiff and Holomon.

Plaintiff alleged that she had been damaged by the failure of Holomon to construct the building and his fraudulent act in obtaining the note, in the sum of five hundred sixty-two dollars, and she prayed for judgment against Holomon for that amount, and for judgment against Holomon· and the Bridges-Channel Clothing Company decreeing ˙ the note and mortgage securing same to be null and void.

Both defendants filed exceptions of misjoinder, and the Bridges-Channel Clothing Company excepted that the petition failed to state a cause of action, and the exceptions being overruled, defendants answered under reservation of their rights in the exceptions.

Holomon denied the allegations of plaintiff's petition as made, and purported to set up the real contract and manner in which he acquired the note, which was that, he had agreed to construct a house for plaintiff at the price of seven hundred eighty dollars, and that plaintiff, in consideration of his obligation to build the house, had delivered to him one hundred fifteen dollars aīd the note and mortgage described in plaintiff's petition, with the understanding that she would pay the note in installments of thirty-five dollars per month, and with the understanding that he would negotiate the note and obtain funds to comply with his contract to erect the building for plaintiff; and he further alleged that he constructed the frame of the house, using materials of the value of two hundred seventy-three and 64-100 dollars, and that he should have credit for that amount on any judgment rendered against him; and the Bridges-Channel Clothing Company denied plaintiff's allegations and alleged that the note had been acquired by it before maturity and in good faith for a valuable consideration, without any knowledge of the trans·

action between plaintiff and Holomon, and, on information and belief, it also set up the same explanation of the transaction as between plaintiff and Holomon as alleged by the latter, and further alleged that it was entitled to judgment against plaintiff for the amount of the note together with interest, costs and attorney's fees, with recognition of the mortgage, and it prayed that plaintiff's demands be rejected and that it have judgment against plaintiff in reconvention, and, in the alternative, in event the court should hold that it was not a holder of the note in good faith, for judgment against plaintiff for the amount or value of the materials used by Holomon in constructing the frame of the building, with recognition of the mortgage for that amount.

On trial, judgment was rendered in favor of the plaintiff and against Holomon for damages in the amount claimed, and in the further sum of six hundred sixty-five dollars, with interest and attorney's fees as stipulated in the note transferred by Holomon to the Bridges-Channel Clothing Company, and rejecting plaintiff's demands as against the Bridges-Channel Clothing Company, from which judgment plaintiff appealed.

Both of the defendants answered the appeal.

Holomon complains of the judgment against him for damages, and of the failure of the court to allow credit for the value of the lumber and other materials used in constructing the frame of the building, and he prays that the judgment for damages be set aside and that the judgment for six hundred sixty-five dollars, or the amount of the note, interest and attorney's fees, be credited with the value of the materials used in constructing the frame of the building, and, in the alterna-

tive, in event the relief first prayed for should not be granted, he prays that the exception of misjoinder filed by him in the lower court be sustained, and further in the alternative, and in event the judgment rejecting plaintiff's demands to have the note and mortgage annulled should be reversed, that the judgment rendered against him for the amount of the note, interest, etc., be set aside; and the Bridges-Channel Clothing Company complains of the failure of the court to grant it judgment on the reconventional demand, and prays that the judgment be amended in that respect, and, in the alternative, that it be affirmed, and further in the alternative, that the exception of misjoinder filed by it be sustained and plaintiff's suit dismissed.

Holomon did not file any brief in this court, and while the Bridges-Channel Clothing Company, in its brief, urges that the exception of misjoinder should have been sustained and that we should review the ruling on the exceptions, it clearly appears from the answers of defendants to the appeal that the exceptions are urged only in event it should be found, after reviewing the cause, on the merits, that defendants are not entitled to have the judgment amended.

The exception of misjoinder is a dilatory exception, which does not go to the merits, and must be filed *in limine litis* (C. P., Arts. 332, 333; Farmers' & Merchants' Bank vs. Davies, 144 La. 538, 80 So. 713), and even though filed before the answer, such exceptions are waived by voluntarily going to trial on the merits (Cross, Pleading, p. 164, sec. 170), and certainly one could not after voluntarily submitting the cause on its merits, insist on a ruling on a dilatory exception which had been filed, and we are of the opinion that the defendants, having first asked that the cause be reviewed on the merits, waived any right they may

have had to have the ruling on the dilatory exceptions reviewed.

On the merits, we first consider the cause as between plaintiff and Holomon, and with reference to the complaint of Holomon that he should have been allowed credit for the value of the materials used by him in constructing the frame of the house, and that the evidence did not warrant the judgment against him for damages.

Holomon really does not make any defence to the demands of plaintiff, other than a denial that he had been guilty of any fraud in obtaining the note from plaintiff, and that he should be allowed credit for the value of the materials alleged to have been used in constructing the frame.

It is not claimed that the construction of the frame was a substantial compliance with the contract, and if plaintiff can be held to account to Holomon for the value of the frame, it would be for the reason that no one should be permitted to enrich himself at the expense of another, and there not being any evidence in the record showing that plaintiff had appropriated or intended to appropriate the frame, and the evidence further showing that the frame as constructed was valueless, and that part of the materials used in its construction belonged to plaintiff, and that she had paid some of the workmen who had erected it, we are of the opinion that the court properly refused to allow Holomon any credit for the frame.

Conceding that Holomon was not guilty of any fraud in obtaining the note from plaintiff, it is established that he did not comply with his contract, and it must be conceded that he should be held liable for any damages sustained by plaintiff through his failure to comply with the contract, and that he should also account to plaintiff for the cash and note which he states were delivered to him in consideration of his obligation, with which he failed to comply.

The only evidence introduced tending to show that the plaintiff sustained any damage by reason of the failure of Holomon to comply with his agreement to build a house for her (aside from the damage resulting from Holomon's failure to account to plaintiff for the money and note which had been delivered to him in consideration of his obligation to build the house, which was not complied with) was the testimony of plaintiff showing that she had, during the time she was waiting on Holomon to comply with his agreement, expended one hundred forty-four dollars for rent, and that at the request of Holomon she had demolished an old building standing on the lot (which was worth fifty dollars) at an expense of twelve dollars, and presumably plaintiff was allowed to recover for these claims, which, however, together with the amount of one hundred fifteen dollars, for which Holomon should account, would amount to only three hundred twenty-one dollars, while the damages allowed in the judgment was five hundred sixty-two dollars.

In view of the fact that Holomon had agreed to complete the building (which he knew plaintiff wanted to use as a residence) by January 1, 1926, and his continued promises to construct the building, which he finally concluded he would not construct, we think the amount expended by plaintiff for rent during that time was properly allowed; however, we do not think that the evidence is sufficient to warrant the allowance for the value of the old house which was demolished by plaintiff or the expense of demolishing same, and

allowing plaintiff also to recover for the amount of one hundred fifteen dollars which was delivered by her to Holomon, in addition to one hundred and forty-four dollars, for rent paid out by her, would fix the amount of damages at two hundred fifty-nine dollars, aside from the amount which he should account for by reason of his failure to return plaintiff the note, which was fixed by the court at the face value of the note, and of which Holomon does not complain, only in event it should be held that the note should be cancelled, which involves the question as to whether or not the Bridges-Channel Clothing Company acquired the note in good faith.

It is conceded that the Bridges-Channel Clothing Company acquired the note before maturity and for a valuable consideration, and that the note was complete and regular upon its face, and while it is apparently conceded that the note represented a part of the price of the house which Holomon had agreed to build for plaintiff, and that an executory agreement may be a sufficient consideration and that a transferee of a note issued for such consideration is not deprived of the character of a holder in due course by the fact that he had knowledge of the consideration in the absence of knowledge that the consideration had failed (Sadler vs. White, 14 La. Ann. 177; State Nat. Bank vs. Cason, 39 La. Ann. 865, 2 So. 806; Continental B. & T. Co. vs. Times Pub. Co., 142 La. 309, 76 So. 612, L. R. A. 1918B, 632; Martel vs. Lafayette Sugar Rfg. Company, 153 La. 248, 95 So. 706; Tyler vs. Whitney-Central T. & S. Bank, 157 La. 249, 102 So. 325; Reese vs. Citizens Bank, 22 Ga. App. 519, 96 S. E. 452; McKnight vs. Parsons, 136 Iowa 390, 113 N. W. 858, 22 L. R. A. (N. S.) 718, 125 Am. St. Rep. 265, 15 Ann. Cas. 665; Barry vs. Kniseley, 56 Okl. 324, 155 Pac. 1168; 3 R. C. L., Bills and Notes, section 273), plaintiff contends that it was understood between her and Holomon that the note would not be negotiated until after the house was completed, or in other words, that it was payable conditionally, and that the Bridges-Channel Clothing Company having been informed that the consideration for the note was the executory agreement to build a house and that plaintiff would pay the note in monthly installments beginning on January 1, 1926, it should be held to have taken the note with knowledge that it was to be paid conditionally or only in event the house was built.

We do not think that such circumstance was sufficient to have given the Bridges-Channel Clothing Company notice that Holomon had agreed not to negotiate the note, and although it may be said that anyone who takes a note which he knows was given in consideration of an executory contract knows that equities may arise between the drawer and the drawee, or that the consideration may fail, such knowledge does not prevent one from acquiring the note without being subject to the equities which may subsequently arise between the drawer and the drawee, and we do not think that the fact that the transferee of a note is informed that the consideration of the note is an executory contract and that the drawer will pay the note before maturity is equivalent to notice that the note is payable only on the condition that the contract is executed.

The Bridges-Channel Clothing Company has in its answer to the appeal asked that the judgment be amended by allowing it judgment on its reconventional demand. However, the Bridges-Channel Company did not appeal from the judgment rejecting its reconventional demand, and the ruling of the court as to that demand cannot be considered on the appeal of the plaintiff. (Westermeier vs. Street, 21 La. Ann. 714; Clement Bros. vs. Their Creditors, 37 La. Ann. 692.)

The judgment appealed from is amended so as to reduce the amount of damages awarded plaintiff as against Holomon from five hundred sixty-two dollars to two hundred fifty-nine dollars, and as thus amended the judgment is affirmed.