No. 3472

Second Circuit

WILSON v. T. L. JAMES & CO., INC.

(May 8, 1929. Opinion and Decree.)
(July 1, 1929. Rehearing Refused.)

Barksdale, Warren & McBride, of Ruston, attorneys for plaintiff, appellee.

Robert L. Garrett, of Shreveport, attorney for defendant, appellant.

WEBB, J. Plaintiff, A. H. Wilson, brought this action to recover judgment against defendant, T. L. James & Company, Incorporated, for a balance of $1,135, alleged to be due under a contract in which plaintiff undertook to paint a building constructed by defendant, in answer to which defendant, in substance, alleged that the work done by plaintiff was defective, and that plaintiff having refused to remedy the defective work, defendant had been forced to contract with others to have the defective work remedied, and that of the balance alleged to be due defendant had paid $837.79 for having the defective work remedied, and $297.21 to a creditor of plaintiff on the latter's order, and further alleging that as plaintiff had failed to complete the work within the time stipulated he was liable under the contract for damages, and defendant prayed for judgment rejecting plaintiff's demands, and for judgment against plaintiff in reconvention for stipulated damages.

On trial judgment was rendered rejecting the plaintiff's demand as well as the reconventional demand of defendant, from which plaintiff appealed, and defendant answered the appeal, praying that the judgment be affirmed in so far as it rejected plaintiff's demands, and reversed as to the reconventional demand.

Defendant did not appeal from the judgment rejecting its reconventional demand, and the ruling rejecting the demand cannot be reviewed on the answer to the appeal from the judgment rejecting plaintiff's demands (Westermeier v. Street, 21 La. Ann. 714, Clement Bros. v. Creditors, 37 La. Ann. 692), and the only question presented by the appeal is as to the correctness of the judgment rejecting plaintiff's demands.

The contract stipulated that:

"Before commencing painting, the painter must make certain that the work to be covered is in perfect condition to receive the paint, that the surfaces are clean, dry, smooth, and at proper temperature. Should the painter find surfaces and conditions impossible of acceptance, he shall at once report such condition in writing to the architects and cease operation on the portion of the work affected. The application of paint shall be held to be an acceptance of the surface and working conditions, and the painter will be held responsible for the results reasonably to be expected from the materials and processes specified."

And, in addition to the usual stipulations for good workmanship, it was stipulated that:

"The original adherence of all materials shall be maintained for six months and during this period there shall be no evidence of blisters, running, peeling, scaling, chalking, streaks or stains."

Plaintiff concedes that the work was defective in that the paint blistered, peeled, scaled, etc.; but he contends that the defects were due solely to the fact that the surfaces, plastered walls, etc., had been painted when they were not in condition to the knowledge of all parties, and on the instructions of defendant, and that defendant could not complain of the defects, and assigns as error the refusal of the court to find that the surfaces had been painted when they were not in condition on the instruction of defendant.

After the payment by defendant of the cost of correcting the defects, plaintiff, while protesting against the right of defendant to deduct the cost of restoring the work from the contract price, gave an order to one of his creditors, who had furnished material used in the work, on defendant for the difference between the amount paid by defendant for repair work and the balance claimed by plaintiff, which was not honored until after plaintiff filed suit, and it is urged that the order was revoked and the payment made unwarranted, and plaintiff further assigns as error the failure of the court to render judgment in his favor for at least the amount paid to the creditor after the suit was filed.

Passing the questions raised by counsel as to the admissibility of evidence under the pleadings in support of the contention that the defendant had, with knowledge that the surfaces were not in condition, instructed plaintiff to proceed with the work, the first assignment of error involves purely a question of fact, as to which the trial court found against plaintiff.

It is implied, in such contracts as that undertaken by the plaintiff, that the work will be performed in a skillful and proper manner and that the workman will be held responsible for defective work, and in the face of the implied covenant and of the stipulations in the written contract, in which the responsibility of the plaintiff was clearly and explicitly stated, any verbal agreement relieving plaintiff of responsibility for defective work should be established by clear proof (Hay v. Bush, 110 La. 575, 34 So. 692; Ault & Burden v. Shepherd, 8 La. App. 595; Harvey v. Deutchman, 11 La. App. 115, 119 So. 280), and the testimony of the parties being directly in conflict as to whether plaintiff, in applying the paint to the surfaces, which he knew were not in condition, had acted under protest and on the instruction of defendant, and it being conceded that the president of defendant company had, during the course of the work, complained of defects (which plaintiff states were due to the paint having been applied when the surfaces were not in condition) which plaintiff, without protest, repaired on the instruction of the architect, we cannot say that the finding of the court was manifestly erroneous.

Relative to the second assignment of error, the basis of plaintiff's contention is that the order given by him on the defendant for the payment of the amount due, after deduction of the amount paid by defendant for remedying the defective work, was not effective until accepted by the defendant, and that the suit having been filed prior to the acceptance by defendant, the order was revoked, and the payment made thereafter to the creditor of plaintiff by defendant unwarranted.

The evidence shows that the acceptance of the order and payment was withheld until the defendant could ascertain whether it could pay same without affecting its rights against the surety given by plaintiff, and that the order was accepted and payment made when defendant was advised that it could safely do so, and as plaintiff did not in his petition in any manner refer to the order which he had given to his creditor, or make the creditor a party to the suit, we do not think the order was revoked by the suit.

It is not suggested that defendant was not authorized by the order to make the payment directly to the creditor without further intervention of plaintiff, and conceding that the order being for the payment of only a part of the claim of plaintiff against defendant did not vest the ownership of the claim in the creditor and that the creditor could not have brought a direct action against defendant until the latter accepted the order, we think the order did vest in the creditor an inchoate or equitable right (Styles v. McNeil's Heir, 6 Mart. (N. S.) 296, 17 Am. Dec. 183; Andrews Electric, Inc., v. Society, 233 Mass. 20, 123 N. E. 103), and defendant having been given notice of the order, plaintiff could not revoke it without the consent of the creditor pending consideration by the defendant as to whether it could safely accept the order (Camors v. Insurance Co., Man. Unrep. Cas. 167), and plaintiff having failed to make the creditor, holder of the order, a party to the suit, and to allege or prove that the order had been revoked, the amount paid by defendant under the order to plaintiff's creditor was properly deducted from the balance due plaintiff by defendant.

The judgment is affirmed.