ZIMMERN'S COAL CO. v. REYNOLDS

(December 16, 1929. Opinion and Decree.)

Milling, Godchaux, Saal & Milling, of New Orleans, attorneys for plaintiff, appellant.

R. W. Leche, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. Plaintiff entered suit against defendant for the sum of $859.35, representing the purchase price of two carloads of coal, alleged to have been delivered on September 2, and September 19, 1922, respectively. Defendant denies liability and by way of a reconventional demand seeks to recover the sum of $310.68, alleged to be due as the result of overpaying plaintiff for other deliveries of coal during the months of August, September, and October, 1922. The judge a quo dismissed both demands, holding that neither the plaintiff nor the intervener had proved his case. Plaintiff has appealed and defendant has answered the appeal, praying that the judgment be affirmed in so far as the main demand is concerned and reversed as to the reconventional demand.

This case presents only issues of fact. The plaintiff bore the burden of proving by a preponderance of the evidence the main demand, and the defendant bore the burden of proving by a preponderance of the evidence the reconventional demand.

Plaintiff undertook to prove that the two cars of coal in question were ordered and delivered on September 2 and 19, 1922, respectively. To prove his case plaintiff produced Mr. Lang, an employee of the Southern Railroad Company, and Mr. Lemp, an employee of the Louisville & Nashville Railroad Company, who both testified that the two cars of coal were handled for the account of Zimmern's Coal Company, plaintiff, but there was nothing in the record of the railroad companies to show that the two cars of coal in question were delivered to the defendant. Plaintiff admits that the testimony of these two witnesses alone is not sufficient to prove delivery, but contends that the testimony of these two witnesses, together with the testimony of Mr. Bertrand Feist, superintendent of plaintiff, was sufficient evidence to prove

plaintiff's case by a preponderance of the evidence. Mr. Feist, in his testimony on cross-examination, stated that he was testifying to the "best of his recollection." His testimony was taken some three years after the coal is alleged to have been delivered. During this interim he admits that he superintended the delivery of numerous other cars of coal, and we feel that he could not, with that degree of certainty required to prove a matter of this kind, recall that these two particular cars were delivered to the defendant. He admits, in his testimony, that the plaintiff did not have a bookkeeper at the time, but that the bookkeeping was done by a young lady stenographer who had been in the employ of the company for a period of about six months. This young lady testified that she was not a bookkeeper, and the evidence convinces us that the records were not accurately kept. For instance, the books showed that one of the cars was delivered by the Louisville & Nashville tipple, which should have been the Southern Railroad tipple. It appears that plaintiff sent two statements to defendant, completely leaving off of both statements the two cars of coal, for the price of which this suit was filed, and it was only 2½ years after the coal was alleged to have been delivered that plaintiff made demand upon defendant for the payment of the purchase price.

We feel that plaintiff has failed to prove the main demand by a preponderance of the evidence.

With reference to the reconventional demand, counsel for plaintiff contends that as defendant did not take a direct appeal from the judgment, dismissing the reconventional demand that the question of whether or not the judgment of the district court is correct in that respect cannot be raised by an answer to the appeal. As we view the pleadings, this is a suit on an open account, and the alleged overpayment, having grown out of the open account, was incidental to the main demand; therefore, the reconventional demand can be considered under defendant's answer to the appeal.

It appears that defendant paid plaintiff as per plaintiff's statements and according to the number of tons of coal listed on the statements. In other words, he took plaintiff's figures. When this suit was filed, defendant had the railroad companies give him the freight bills covering the cars of coal which had been paid for, and there was a discrepancy in the weights as given to defendant by plaintiff and by the railroad companies, which, in dollars and cents, would amount to $310.68. Defendant therefore claims this difference as an overpayment in his reconventional demand. The railroad companies' bills were properly identified, and the correctness of the weights per car was proven to be correct; however, plaintiff's witnesses testify that the additional coal was loaded on defendant's barge from plaintiff's lighter. Defendant's witness denies this. Therefore we find defendant has failed to prove by a preponderance of the evidence the reconventional demand.

Both counsel submitted exhaustive briefs to the district judge, substantially the same as filed in this court, and after considering the testimony and briefs the lower court reached the conclusion that the evidence was insufficient to support the main demand and also the reconventional demand.

After a careful reading of the record, we cannot say that there is any manifest error in the findings of the district judge, and for the reasons assigned the judgment appealed from is affirmed.