## FARNSWORTH v. HARRIS et al.
### No. 14470.

Court of Appeal of Louisiana. Orleans.

Jan. 2, 1934.

Deutsch & Kerrigan & Burke, of New Orleans, for appellant.

Bernard Titche, Jr., and Richard W. Leche, both of New Orleans, for appellees.

HIGGINS, Judge.

Plaintiff sued defendant on a written contract of lease to recover the cost and expense of repairing a pile driver said to have amounted to the sum of $953.24.

The petition alleged that under the provisions of the agreement defendant was obligated, as lessee, to maintain the pile driver in good condition and to return it to the plaintiff, as lessor, in the same condition as when received, reasonable wear and tear only excepted; that at the time the pile driver was delivered to the defendant it was in first-class condition, and, after being used by him for approximately four months, it was returned badly damaged.

The defendant admitted that he signed the contract of lease, but denied that the pile driver was damaged when returned, and in reconvention alleged that the pile driver was defective when received by him, necessitating certain repairs during the period of the lease amounting to the sum of $801.61, for which the plaintiff should reimburse defendant.

There was judgment in favor of the plaintiff for $559.24 covering all items of damage claimed, except the cost of replacing the Ligerwood bed plate of the pile driver, and dismissing the reconventional demand. Plaintiff appealed and defendant has answered the appeal asking for the dismissal of the plaintiff's suit and for the recognition of the reconventional demand.

The record shows that the defendant was a subcontractor and had agreed to do certain pile driving construction; that he rented the pile driver in question from the plaintiff; that the lease contained a stipulation that the lessee "guarantees to maintain this pile-driver in good condition and return same to the owner in the same good condition as when delivered to him, reasonable wear and tear only excepted"; that after using the pile driver for four months at a rental of $500 per month the defendant delivered the pile driver to the plaintiff on May 29, 1931; that when the pile driver was unloaded the plaintiff's representatives inspected it and all of the damages complained of were discovered; that the plaintiff, the same day,

wrote to the defendant a letter inclosing a list of the alleged damaged parts, stating that if any additional damage was discovered he would be advised promptly thereof; that on June 2, 1931, the plaintiff wrote the defendant a second letter, complaining that the cylinder on the hammer was broken; that on June 8, 1931, plaintiff wrote to defendant a third letter, stating that he had been misinformed about the cylinder on the hammer being broken, but that it was the "base" that was broken; that after an unsuccessful attempt to adjust the matter amicably, the present suit was filed.

There is no serious dispute as to the correctness of the judgment in decreeing that plaintiff is entitled to recover for the items allowed, for the record abundantly supports the finding of the trial judge.

We cannot consider the correctness of the judgment in dismissing the reconventional demand because defendant failed to appeal. An answer to the appeal is not the proper method of bringing such an issue before an appellate court for review. Chavez v. United Motor Car Co. (La. App.) 151 So. 807, this day decided, and cases therein cited.

The only real issue in the case is whether or not the bed plate of the pile driver, an iron device composed of two parallel rails connected by three braces, one at each end and one in the center, which serves as the foundation and supports the machinery of the pile driver, was broken at the time defendant returned it to the plaintiff. With reference to this question the plaintiff offered the testimony of four witnesses tending to show that at the time the bed plate was returned by the defendant and inspected by them on May 29, 1931, they discovered that it was badly cracked or broken.

Defendant submitted the testimony of three witnesses, besides his own, tending to show that at the time the defendant delivered the pile driver to the plaintiff. the bed plate was not damaged or cracked.

The evidence is replete with contradictions and is hopelessly irreconcilable. The trial judge, in his written reasons for judgment, states: "I am not convinced that the bedplate was broken while the pile-driver was in the defendant's possession."

He points out as his reasons for this conclusion that in the first two letters the plaintiff wrote to the defendant, complaining of the damaged condition of the pile driver, he failed to include the item of the bed plate and only complained of this damage in the letter of June 8, 1931. The several witnesses for the plaintiff testified unequivocally that the damage to the bed plate was discovered the day it was returned, on May 29, 1931. The cost of replacing the broken bed plate with a new one was $394, the largest item

of the several claimed. The foreman of the plaintiff's pile driving crew listed the various broken parts as the machine was inspected and sent the report to the plaintiff's office. It is unusual, to say the least, that all of the small claims were meticulously listed and yet the one large item, which is more than one-third the total amount of the plaintiff's claim, was unlisted. It might well be, as counsel for plaintiff attempts to explain, that this was an error, but still, in the second letter the plaintiff again failed to mention this disputed item.

Plaintiff carried the burden of proving the issue by a preponderance of the evidence and failed to convince our learned brother below, and, after a careful review of the record, we do not feel that we should disturb his finding.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.