## BACHER v. HIGGINS.
### No. 14681.

Court of Appeal of Louisiana. Orleans.
Oct. 15, 1934.

St. Clair Adams, Jr., and Alvin R. Christovich, both of New Orleans, for appellant.

Cameron C. McCann, of New Orleans, for appellee.

LECHE, Judge ad hoc.

The only question we are considering at this time is whether or not the reconventional demand is properly before us on appeal. The trial court dismissed plaintiff's suit at his cost, and dismissed defendant's demand in reconvention at defendant's cost. Plaintiff appealed. Defendant did not appeal but filed his answer to plaintiff's appeal and prayed "that the judgment of the lower court be affirmed in so far as it dismisses plaintiff's suit at his cost, but that the judgment of the said lower court be reversed so as to allow your appearer, Donald Higgins, plaintiff in reconvention, judgment against William Bacher, defendant in reconvention, in the full sum of four hundred four and 05/100 ($404.05) dollars, with interest thereon at the legal rate of five (5%) per cent per annum from judicial demand until paid, and for all costs of court; and for such further relief as equity, law and the nature of the case may require."

The contention is that, inasmuch as defendant and reconvener did not appeal, the judgment dismissing the reconventional demand is not subject to review by this court.

The case of De Bellevue v. Couvillion, 3 La. App. 568, cited in appellee's brief, is not in point as it does not appear that there was a reconventional demand or an answer to the appeal.

In the case of Wilson v. T. L. James & Co., 14 La. App. 593, 122 So. 137, decided by the Court of Appeal for the Second Circuit, the circumstances are identical with the present case, and the court held:

"Defendant did not appeal from the judgment rejecting its reconventional demand, and the ruling rejecting the demand cannot be reviewed on the answer to the appeal from the judgment rejecting plaintiff's demands (Westermeier v. Street, 21 La. Ann. 714, Clement Bros. v. Creditors, 37 La. Ann.

692), and the only question presented by the appeal is as to the correctness of the judgment rejecting plaintiff's demands."

The case of Clement v. Creditors, 37 La. Ann. 692, cited above, is not in point, nor is Westermeier v. Street, 21 La. Ann. 714.

In the Westermeier Case the question was whether the judgment in favor of plaintiff had been appealed from, and the court held that it could not be reviewed on the answer of appellee.

In the case of Mitchell v. Holomon et al., 10 La. App. 219, 120 So. 672, the facts were similar to the present case and the court there again relied on the Clement Bros. and Westermeier Cases, and decided that the demand in reconvention could not be reviewed.

In the case of Chavez v. United Motor Car Co., Inc., 151 So. 807, 808, the facts were identical with those in the present case, and this court held:

"The reconventional demand is not before us because the defendant and plaintiff in reconvention did not appeal and the answer to the appeal filed by it is not the proper procedure to accord it the right of having the correctness of the judgment nonsuiting the reconventional demand reviewed."

In Farnsworth v. Harris, 151 So. 809, the ruling in the Chavez Case was affirmed by this court.

In the Chavez Case, numerous cases were there cited as authority in support of the ruling. A careful research of those authorities shows that aside from the case of Wilson v. James, supra, none of these cases are directly in point, but enunciate a different principle of law.

We are convinced that Wilson v. James, Mitchell v. Holomon, Chavez v. United Motor Car Co. and Farnsworth v. Harris, supra, are not in accord with the settled jurisprudence of Louisiana on the point at issue.

In the case of Lange v. Baranco, 32 La. Ann. 697, the court said:

"The judgment rendered below dissolved the injunction and dismissed both plaintiff's petition and defendant's reconventional demand, without any reserve of rights.

"From this judgment the plaintiff has alone appealed, but in her answer here the defendant, considering that she also had cause to complain, stated the points on which she thought she had sustained wrong and injury and prayed that the judgment be amended so as to recognize and enforce her demand in reconvention, with a reserve of her right to sue in damages, on account of the wrongful issuance of the injunction.

"The plaintiff objects to the trial of the case here as regards the reconventional demand, on the ground that the defendant did not appeal from the judgment dismissing that demand.

"It was unnecessary that she should do so. A judgment is the solemn adjudication of a court, established by law, made in a suit upon the relative claims of parties thereto, as disclosed by the record, and which passes on the matters so presented for determination. When it decides the issues submitted, it is an entirety, and, strictly, is indivisible; not so, however, as to compel a party who is only partly benefited to appeal from the judgment in his behalf. It may be rendered partly in favor of or against a litigant, and partly in favor of or against others. The party who appeals, whoever he be, theoretically brings up the entire judgment for revision to the appellate court; absolutely, as far as it aggrieves him, and conditionally as it affects others who are the appellees, and who can ask that the judgment, as to them, be re-examined and reformed. The Code of Practice, art. 888, recognizes undoubtedly this theory, by permitting expressly the appellee, in his answer, when seasonably filed, to ask a reversal in part and a confirmation in part, as he may choose to do.

"The whole judgment is therefore before us for review."

In the case of Vicksburg, Shreveport & Pacific Railroad Co. (J. H. McCormick, Receiver) v. W. N. Traylor, Sheriff, et al., 104 La. 284, 29 So. 141, 147, the court said:

"We now direct our attention to the claims set up by the defendants in their answer. There are two demands contained therein; one covering a demand for interest and attorney's fees, resulting from the first injunction, and the second claiming interest, attorney's fees, damages, etc., resulting from the last injunction. A question has been raised as to whether these demands, having been disallowed by the district court, and defendants not having appealed themselves, are before us on the present appeal, through a prayer for an amendment of the judgment below.

"Appellees declare that particular question was passed upon in Lange v. Baranco, 32 La. Ann. 697–699.

"The claim for damages as resulting from the second injunction is incidental to, and directly connected with, plaintiff's proceedings in the present suit. It falls, therefore,

under the doctrine announced in the case cited. The claim for damages, etc., resulting from the first injunction occupied the same relation to that particular proceeding which the other does to the second; but, instead of passing upon it, when judgment was rendered in the first suit, the rights of the parties touching the same were reserved.

"By that action they became the subject of a separate and independent suit or demand, and that is the position which they occupy in the present action. It was incidental to the first injunction, but not to the second. From that standpoint, we think defendant should have appealed from the judgment disallowing it in the present suit."

In the case of Vicksburg, Shreveport & Pacific Railroad Co. (J. H. McCormack, Receiver) v. W. N. Traylor, Sheriff, et al., 105 La. 748, 30 So. 117, the court said:

"The facts are that in a prior suit the Vicksburg, Shreveport & Pacific Railroad Company sued out an injunction restraining Traylor, sheriff of the parish of Richland, from collecting any amount over and above the amount it had tendered in payment of its taxes. Railroad Co. v. Scott, 52 La. Ann. 512, 27 So. 137. The New Orleans & Northwestern Railroad joined issue with the plaintiff in injunction, and claimed damages. It asked for judgment dissolving the injunction.

"The injunction was dissolved, and, as before stated, all the demands of the defendant in injunction were rejected. On appeal this court modified the judgment, and sustained the injunction in part and dissolved it in another part; that is, sustained the injunction as to the penalty of 2 per cent. claimed, and dissolved it as to the 5 per cent. interest claimed on the amount due.

"This court found in this suit that defendant's reconvention contained two demands,— one for interest and attorney's fee resulting from the first injunction; and the second for interest, attorney's fee, and other claims growing out of the last injunction. The court said that a question had been raised as to whether these demands, having been rejected by the district court and the defendant not having appealed, were before the court through a prayer for the amendment of the judgment, from which an appeal had been taken only by plaintiff in injunction.

"The court said that the claim for damages growing out of the second injunction was identical to, and directly connected with, plaintiff's proceedings, and that, in consequence, it fell within the rule laid down in Lange v. Baranco, 32 La. Ann. 697. The court, although holding that the claims for damages arising in the second injunction were properly brought up, on appeal did not specially reject or allow the claim for those damages."

In the case of Gormley v. Gormley, 161 La. 121, 108 So. 307, 308, the court said:

"This is a suit in which husband and wife are claiming, reciprocally, a separation from bed and board—she in the direct action, and he by way of reconvention. Plaintiff bases her demand upon the alleged habitual intemperance and cruel treatment on the part of her husband. Defendant, in turn, sets up cruel treatment on the part of his wife. The court below dismissed both demands. The parties then appealed. Defendant perfected his appeal. Plaintiff did not, filing, in lieu thereof, an answer to plaintiff's appeal.

"Defendant has questioned the right of plaintiff to be heard on her demand in this court, on the ground that she has not appealed from the judgment dismissing that demand. It was not necessary that she should do so. Her answer to the appeal and her prayer for an amendment of the judgment appealed from is sufficient to authorize us to review said judgment on the main demand as well as on the demand in reconvention. Lange v. Baranco, 32 La. Ann. 697."

In the case of Zimmern's Coal Co. v. Reynolds, 12 La. App. 233, 125 So. 189, 190, this court said:

"With reference to the reconventional demand, counsel for plaintiff contends that as defendant did not take a direct appeal from the judgment, dismissing the reconventional demand that the question of whether or not the judgment of the district court is correct in that respect cannot be raised by an answer to the appeal. As we view the pleadings, this is a suit on an open account, and the alleged overpayment, having grown out of the open account, was incidental to the main demand; therefore, the reconventional demand can be considered under defendant's answer to the appeal."

In the case of Grapico Bottling Works v. Liquid Carbonic Co., 163 La. 1057, 113 So. 454, the court said:

"This is an appeal taken by plaintiff, J. C. Kramer, who is doing business under the name of the Grapico Bottling Works, from a judgment dissolving a writ of attachment, sued out by him, and rejecting his demand, and rejecting also a reconventional demand, filed by defendant. Plaintiff has filed no brief and has made no appearance in the

case. On the other hand, defendant has answered the appeal within the time prescribed by law, praying that the judgment be amended by allowing it certain amounts sued for by it in reconvention. * * *

"The trial court rendered judgment rejecting the demand of plaintiff, and also the reconventional demand of defendant. There was no error, for the reasons stated, in rejecting plaintiff's demand; but defendant should have been awarded judgment in reconvention for $4,050, the balance of the purchase price of the machine. Defendant, in its answer to the appeal, has prayed that the judgment be amended so as to allow him that sum. Defendant is entitled to have the judgment amended in that respect. However, in so amending it, we are unable to allow defendant interest on that amount, for defendant does not pray that the judgment be amended by allowing interest thereon, nor are we able to allow defendant a vendor's privilege on the machine, assuming that it was originally entitled to one, for the reason that it does not pray that the judgment be so amended. Defendant, however, prays that the judgment be amended by allowing it $300 attorney's fees which it is under obligations to pay for defending this suit. But defendant is not entitled to this amendment for attorney's fees are not ordinarily allowed for defending a suit."

The above decisions show clearly that where plaintiff appeals and where defendant and reconvener does not appeal, but answers the appeal of plaintiff and prays that the judgment in reconvention be revised or reversed, that the appellate court can properly consider the judgment on the reconventional demand. It would appear, however, from the opinion of Justice Overton in the Grapico Bottling Works Case, supra, that defendant and reconvener can be granted on appeal no more than he asks for in his answer to plaintiff's appeal; that is, if he fails to ask for interest, costs, or attorney's fees, this court on appeal cannot reverse the judgment of the lower court in those respects.

In the present case defendant's reconventional demand was incidental to and connected with the main demand, and in answering plaintiff's appeal he prays "that the judgment of the said lower court be reversed so as to allow your appearer, Donald Higgins, plaintiff in reconvention, judgment against William Bacher, defendant in reconvention, in the full sum of four hundred four and 05/100 ($404.05) dollars, with interest there-

on at the legal rate of (5%) per cent per annum from judicial demand until paid, and for all costs of court; and for such further relief as equity, law and the nature of the case may require."

We are of the opinion that the defendant's demand in reconvention is properly before us for review.

For the reasons stated, this case is hereby ordered replaced on the docket of this court to await trial on the merits in due course.

Case reassigned.