No. 3381

Second Circuit

PRICE v. LEE

(July 1, 1929. Opinion and Decree.)

Peterman, Dear & Peterman, of Alexandria, attorneys for plaintiff, appellant.

Overton & Hunter, of Alexandria, attorneys for defendant, appellee.

WEBB, J. In this action, plaintiff, who, together with other workmen, had performed some work around or on an oil refining plant. owned by defendant seeks to recover judgment against him in the sum of $1668.65, which sum includes an amount alleged to be due plaintiff individually and amounts due his co-workers, who had assigned their claims to him.

Plaintiff alleged that defendant had employed Charles N. Atkinson to repair, reconstruct and improve the refining plant, and that Atkinson had proceeded under the employment to repair, reconstruct and improve the plant, employing plaintiff and his assignors in the work, and had not paid them; and plaintiff alleged in the alternative, in event it should be shown that defendant did not employ Atkinson for the purposes stated, that Atkinson had repaired, reconstructed and improved the plant at defendant's request and for the benefit of defendant, employing plaintiff and his co-laborers in the work, and had failed to pay them their wages; that defendant did not obtain or require of Atkinson a bond for the protection of the laborers, and that plaintiff and his assignors had filed a lien against the property for the amount of their claims; and plaintiff prayed for judgment against defendant in the sum stated above, and for recognition of a privilege on the plant to the amount of his claim.

Defendant excepted that the petition was vague, and plaintiff amended, setting forth the character and nature of the work which had been performed, and defendant answered, denying plaintiff's allegations, with the exception that it was admitted he was the owner of the plant, and that Atkinson had not given any bond, which was explained by the allegations as to his connection with Atkinson, it being alleged, in substance, that Atkinson had represented to him that he, Atkinson, was associated with capitalists who desired to acquire the plant, and that Atkinson represented to defendant that he would clean the premises on which the plant was located, in order that he might show the same thus cleaned to his associates, and that Atkinson did not represent to defendant that he would do any other work, or defendant consent to any other work being done, in connection with the plant than cleaning the premises, which was to be done solely at the expense of Atkinson, and that Atkinson had not represented to defendant he intended to make and defendant had not consented to nor authorized his making any repairs, reconstruction or improvement of the plant, and that if there was any such work done it was without his knowledge and consent, and he prayed that plaintiff's demands be rejected at his cost; and on trial judgment having been rendered rejecting plaintiff's demands, he appealed.

Pending the appeal, defendant died and his representatives and heirs, Mrs. M. C. Lee, widow, and Mrs. Maud Eubanks, Mrs. Ethel Jarrell, Mrs. Enola Rogers, and Hickman Lee, children of deceased, were made parties, and the appeal is prosecuted against them.

The evidence establishes that the relationship between Lee and Atkinson and the conditions and purposes for which Atkinson was permitted to go upon the property, were substantially as alleged by Lee in his answer, and that after Atkinson had gone upon the property to clean the premises he found that the plant was not in good condition; the gas and oil lines, pumps, still, etc., being in need of repairs, and that, without consulting Lee, Atkinson proceeded to have such repairs made.

Appellant urges that under the answer of Lee and the evidence showing that Atkinson had been permitted to go on the property for the purpose of cleaning the premises with the view of making the property more attractive to persons whom Atkinson expected to associate with him in purchasing the property from Lee, that Lee was equally as interested in having the premises cleaned or the property placed in order as Atkinson, and that, although it was stipulated and agreed that the expense of cleaning the premises was to be solely that of Atkinson, nevertheless as to the workmen employed by Atkinson, Lee was equally bound with Atkinson for the payment of their wages, and that, as to the workmen, Atkinson should be considered as the agent of Lee, and it is also argued that the evidence established that Lee knew of the nature and character of the work, that is, repairs or reconstruction of the plant, being done by Atkinson, and that as to such work Lee became liable to pay for the wages of the workmen employed by Lee, under the provisions of the building statute, Act No. 298 of 1926; and it is further urged that in any event Lee should have been held liable to the workmen to the extent of the enhancement of the value of his property resulting from the labor and work of plaintiff and his assignors.

The positions urged by plaintiff apparently involve distinct questions of law. We consider the positions in the order stated.

In the first position, which, as stated, is based upon the contention that Lee was equally interested with Atkinson in having the premises cleaned, if it be conceded that Lee was interested and therefore should have borne a part of the expense of having the premises cleaned, the evidence established, however, that Atkinson agreed to bear the entire expense, and certainly as between Lee and Atkinson the agreement controls, and the workmen employed by Atkinson, in seeking to collect the wages due them by Atkinson, must be controlled by the agreement, unless it can be said that Lee and Atkinson were without power to contract or agree that the expense of the work of cleaning the premises should be borne exclusively by one or the other.

It is not suggested that there is any law which prohibited the agreement that the expense of cleaning the premises should be borne by Atkinson, and aside from the fact that the evidence established that plaintiff and his assignors did not deal with Atkinson as the agent of Lee, plaintiff, in attempting to collect an indebtedness due by Atkinson from Lee is bound by the agreement between Atkinson and Lee, and under that agreement, which was in all respects legal, Atkinson being alone bound for the indebtedness, plaintiff cannot ignore the agreement and proceed against Lee as the principal of Atkinson.

In the second position, which is apparently based upon the contention that the evidence established that Lee had knowledge of the character and nature of the work, that is, repair and reconstruction of the plant, being done by Atkinson, it is apparently assumed that under such circumstances Lee became liable for the wages of the workmen employed by Atkinson under the building statute, Act No. 298 of 1926, but as appellant does not direct our attention to the particular provision of the statute from which such result would follow, we assume it is claimed that as to the work of the character and nature of improvements, of which Lee may have had knowledge, Atkinson, as to such work, should be held to have been the agent or representative of Lee.

Certainly if Atkinson was the agent of Lee as to such work Lee would be bound for the wages of the workmen employed by Atkinson, without reference to the building statutes, but it is not suggested that mere knowledge on the part of Lee that Atkinson was having work done of the character or nature of improvements would, under the general law, be sufficient to constitute Atkinson as the agent of Lee, and there is not any express declaration in the building statute that the owner of immovable property, who merely has knowledge that the property is being improved, becomes the principal of the person having the work done. The statute must be strictly construed, and we do not think that under such construction it can be said, even though it should be conceded that Lee knew Atkinson was having work done of the character or nature of improvements, that, under the provisions of the statute, Atkinson became the agent of Lee and that Lee became liable for the wages of the workmen employed by Atkinson.

The contention that Lee should be held liable for the enhancement in the value of the property resulting from the work of plaintiff and his assignors, is made on

the evidence of an estimate of the cost of the work done by Atkinson of the character or nature of improvements, and is based upon the equitable principle that one should not be permitted to enrich himself at the expense of another, or, in the present instance, on the claim that the property had been enhanced in value by the labor of plaintiff and his assignors, to the extent of the estimate of the cost of repairs or reconstruction work.

Passing the question of the right of plaintiff to enforce and claim or to exercise the right of his debtor, Atkinson, in this action, we do not think plaintiff occupies a more favorable position than Atkinson would have occupied, if he was seeking to hold defendant for the benefit or enhancement of the value of the property, and with this view Atkinson admits that he did not tell Lee that he was having any work done in the nature of repairs or reconstruction, and Lee testified that he did not know that any such character of work was being done; and the only evidence indicating that Lee knew that any such work was being done was the statement of some of the workmen that Lee had seen them on the premises or working around some of the equipment which had been repaired. We do not think that the evidence established that Lee knew that any repair work was being done, much less that he consented to the repairs being made, which, we think, would be essential in order that Atkinson could set up any claim, it being shown that under the permit granted him, it was understood he would not do any work of the character or nature of improvements, and that such work done by him would be at his own expense. But even if Atkinson could have set up a claim against Lee for the improvements or enhancement in the value of the property resulting therefrom, without regard to whether or not Lee knew that the property was being repaired, we do not think that mere proof of the cost of the repairs was sufficient to enable the Court to fix the enhancement in value of the property, especially in view of the statement of Lee that the value of the property had not been enhanced, which must be considered with the fact that Lee had not operated the plant and is not shown to have intended operating it, and that the repairs were without value to Lee unless he intended to operate the plant, and of insignificant value if the plant were sold.

The judgment appealed from is affirmed.