**BOUTTE & COURREGE v. DEROKAY et al.**

**No. 1616.**

Court of Appeal of Louisiana. First Circuit.

May 8, 1936.

Weeks & Weeks, of New Iberia, for appellant.

C. Arthur Provost, of New Iberia, for appellees.

DORE, Judge.

This suit is to recover the sum of $391.06 for lumber and building material used in repairing a residence owned in indivision by the five defendants and an absentee not made a party to this suit, plus a small item of $2 for making and recording a lien against the property. These defendants and co-owners are Nathan Wilson, Sidonia Wilson, wife of Alfred Derokay, children and heirs of Annette Thomas, deceased, and three grandchildren of said deceased, Louis Edward Brown, Carlton Brown, and Sedonia Brown. The absentee, Larrence Wilson, is alleged to be the only heir of a predeceased child of said Annette Thomas.

It is alleged that all the co-owners made defendants in the suit lived on the property on which the repairs were made and had full knowledge of the purchase of the material from plaintiff with which to make the repairs and consented thereto. The account is made out against the "Estate of Annette Thomas, per Louis Brown, et als." Plaintiff prays for a judgment against all defendants in solido, with recognition of its materialman's lien and privilege on the house and lot described in the petition.

Defendants filed exceptions of vagueness and no cause of action, which were overruled.

Defendants then answered admitting their co-ownership of the property, but denying that they lived on the property or had anything to do with purchasing the material from plaintiff and making the repairs, except Louis Edward Brown, who admits living on the property and admits making the repairs and purchasing the material himself, but denies the correct ss of the account.

All defendants, except Louis Edward Brown, reconvened and claim damages in the sum of $500 for the willful and malicious institution of the suit against them by plaintiff, and for an additional sum of $300 for attorney's fees in defending the suit.

Judgment was rendered in favor of plaintiff in the sum of $383.06 against Louis Edward Brown and Nathan Wilson in solido, with interest and costs, recognizing the lien and privilege of plaintiff on the undivided one-fourth interest of Nathan Wilson and the undivided one-twelfth interest of Louis Edward Brown in the house and lot, rejecting the plaintiff's demands as to the other three defendants, and also rejecting the reconventional demand of defendants.

The following order of appeal was entered in the case in open court: "On motion of counsel for plaintiff, it was ordered that an appeal be granted, suspen-

sive, and in the alternative, devolutive, to the Court of Appeal, First Circuit, returnable on or before April 6th, 1936, upon plaintiff furnishing bond, for either appeal in the sum of $50.00." Plaintiff furnished the bond as fixed in the order.

The defendants, excepting Louis Edward Brown, filed an answer to the appeal in this court asking that the judgment be amended in so far as it holds Nathan Wilson for the payment of the material and recognizes a lien against his interest in the property; and that the judgment be further amended by allowing the claim of defendants for $800 on their reconventional demand.

The judgment of the lower court was against Louis Edward Brown and Nathan Wilson in favor of plaintiff as prayed for in the petition (except an allowance of $10 credit paid by Brown as testified to by one of plaintiff firm). Plaintiff had nothing to appeal from as to Nathan Wilson, and we do not construe the order of appeal, quoted above, as meaning that plaintiff took an appeal from its judgment against Louis Edward Brown and Nathan Wilson. The appeal could only be from that part of the judgment rejecting plaintiff's demand against the three defendants, Sidonia Derokay, Carlton and Sedonia Brown. Therefore, Nathan Wilson cannot now assume the position of an appellee, and, by answer to the appeal, ask that the judgment be amended as to him under articles 592, 887, and 888 of the Code of Practice.

In order for Nathan Wilson to secure a reversal of the judgment against him, he must himself appeal therefrom as he is not an appellee in this court. White v. Fifth Regular Baptist Church, 31 La.Ann. 521. We, therefore, must decline to consider the case, in so far as it applies to Nathan Wilson and Louis E. Brown.

Moreover, defendants have not appealed from the judgment dismissing their reconventional demand. They cannot now by an answer to the appeal have their reconventional demand considered on the appeal taken by plaintiff. See Wilson v. T. L. James & Co., Inc., 14 La.App. 593, 122 So. 137, and the cases therein cited. We will therefore consider the appeal only in so far as it rejected plaintiff's claim against Sidonia Derokay, Carlton and Sedonia Brown.

In order to hold these defendants personally liable for the material furnished by plaintiff in repairing the house, there must be shown some agreement, express or implied, by which they bound themselves to pay for the material. The record does not show any such agreement on their part. It is true that these three defendants knew that the material was being furnished, and that Louis E. Brown was making the repairs. In fact, Louis E. Brown told them that he was going to make the repairs and was going to purchase their interest in the property. The mere knowledge on the part of these defendants that Louis Brown, was living in the house and was making the repairs, and expected to purchase the interest of the co-owners, could not serve as a basis for inferring that these defendants consented to become bound personally for the material, nor would such facts justify the inference that they, as co-owners, had consented to the repair of the property to the extent of giving plaintiff a lien on their interest in the property. Mere knowledge on the part of an owner that another is purchasing material with which to improve his property will not support a lien against the owner by the furnisher under section 1 of Act No. 298 of 1926. See Price v. Lee, 11 La.App. 291, 123 So. 458.

Furthermore, the testimony shows that plaintiff sold the material to Louis E. Brown and expected him to pay the bill. This is clear from the testimony of Mr. Joseph Courrege, member of plaintiff firm, who testified as follows:

"Q. State under what circumstances you sold this material to these parties? A. Nathan Wilson came to my place with Louis Brown and introduced him as his nephew, and Louis Brown was to be married and he wanted to fix up the old home. He was to fix up the house and live in it after he got married and pay for it by the month.

"Q. Did you know Nathan Wilson? A. Yes, for years, and he told me that he would see that Louis Brown paid the account by the month.

"Q. When was that? A. In June, 1932 —June 14th, I believe.

"Q. Did you agree with them that you would sell this lumber? A. I did.

"Q. And this material and lumber is what you sold under that agreement? A. Yes."

The contention of plaintiff, to the effect that where one co-owner improves property which enhances its value the other co-owners are required to pay for the enhancement of their interest in the property, can have no application in the present case where a furnisher of material is seeking to hold the co-owners personally liable for the material as well as to impress a materialman's lien on their respective interests in the property. As has already been stated, plaintiff has not proven a binding personal obligation on these three defendants to pay for the material, nor has plaintiff shown that these three co-owners gave their consent to the repairs as is necessary to impress a lien against their interest in the property under the provisions of Act No. 298 of 1926. Therefore, the case of Johnson v. Weinstock, 31 La.Ann. 698, and other similar cases cited by plaintiff, have no application to the facts in the present case.

For these reasons, the judgment of the lower court is affirmed, all at the costs of plaintiff-appellant.