The sole question tendered for decision in this case is: Does one who, under contract, performs labor and furnishes material needful to the construction of some improvement, to a person not the owner or lessee of the land or lot whereon said improvement is made, have a lien and privilege on such improvement to secure payment of the price of the labor and material, the owner of the land or lot not consenting to such construction nor having knowledge thereof until completed or nearly so?
The facts of the case are not in dispute. On August 15, 1940, Charles L. Horne, Jr., and Lucille C. Horne, as owners, contracted to sell to S.E. Schneider, Sr., Lot No. 9 of Block "F" of Hawthorne Heights Subdivision in the City of Shreveport for the price of $500, of which amount only $10 was paid in cash. The balance of $490 was to be paid four months after date of contract with interest at six per cent, at which time and upon such payment Schneider would be entitled to deed to the lot.
Very soon after execution of the contract Schneider without the knowledge or consent of the Hornes, began the construction of a residence and other improvements upon the lot and contracted with plaintiff, Chris H. Berg, to furnish all material and labor necessary to install in and equip the residence with adequate plumbing, sewerage, water and gas service, at a price of $385. No evidence of the contract was recorded; nor was any bond given. Berg fulfilled his part of the contract but was not paid the price thereof, and on April 1, 1941, he filed evidence of the purported lien and privilege herein sought to be foreclosed.
Schneider defaulted in paying the balance due on the contract with the Hornes and after being granted two or more indulgences and not making said payment, they, on April 2, 1942, instituted suit against him to have the contract dissolved and rescinded; to recover interest on the unpaid part of the price, and to have the *Page 502 
improvements removed from the lot. The suit was not contested and on April 22d, judgment was rendered as prayed for. Schneider was given thirty days to remove the improvements.
The present suit was filed by Berg on March 27, 1942. The Hornes and Schneider are impleaded. Personal judgment against all of them with recognition of the asserted lien and privilege upon the lot and the improvements thereon is prayed for. There was personal judgment against Schneider for the amount for which sued, and interest. In all other respects the demand was rejected. The registry of the evidence of the asserted lien and privilege was ordered erased and canceled. Plaintiff only appealed.
In this court appellant concedes the correctness of the judgment except in so far as it disallowed the lien and privilege upon the improvements. He argues, firstly, that Section 1 of Act No. 298 of 1926 is sufficiently comprehensive to cover his case; and, secondly, that Article 3249 of the Civil Code does so.
We do not think either of these laws afford plaintiff the relief for which he contends. Section 1 of the 1926 Act, deleting portions not essential to the question at issue, reads: "* * * That every contractor, * * * or furnisher of material, machinery or fixtures, who performs work or furnishes material for the erection, construction, repair or improvement of immovable property, with the consent of or at the request of the ownerthereof * * * shall have a lien for the payment in principal and interest of such work or labor performed, or materials, machinery or fixtures furnished, and the cost of recording such liens, upon the land and improvements on which the work or labor has been done, or materials, machinery or fixtures furnished * * *".
It is prominently reflected from the unambiguous language of this section of the act that as a condition precedent to the coming into existence of the lien and privilege therein described the improvement must have been made "with the consent of or at the request of the owner" of the land on which erected and that such lien and privilege affect the "land and improvements"; not the improvements alone nor the land by itself, but the two as a unit. The reason of this legal rule is obvious. It presupposes that the improvement when completed, having been made at the request or with the consent of the owner, is or has become the property of such owner. The ownership of the improvement and of the land being united in one person, for all legal intents and purposes, takes on the character of a unit and both or neither was intended to become amenable to the lien and privilege established by Section 1 of the act. If this were not so, it is easy to conceive the confusion that could and would follow enforcement of the lien and privilege against the improvement alone.
Since Schneider is the owner of the residence, an immovable, and plaintiff's labor and material, with Schneider's consent, were incorporated therein, it is seriously urged that the provisions of the act with respect to lien and privilege apply. But this argument overlooks the plain provisions of the act, which, in effect, declare that when all the facts and conditions indispensable to the creation of the lien and privilege coexist, such lien and privilege operate against the "land and improvements" as a unit.
The intention of the law maker, it seems to us, is clearly expressed in the 1926 act. The purposes sought to be promoted and the ends to be thereby accomplished do not appear obscure. The lien and privilege thereby established have for their primary basis the existence of ownership in the person causing or consenting to the erection of an improvement, or the right of use and possession of the land as lessee (Section 11 of act). Here, the builder had no other claim upon the lot than that conferred by the contract with the Hornes. It is not shown that he was given the right to take possession of the lot. And this being true, his possession was in legal bad faith. Guinea Realty Company, Inc., v. Battle et al., La.App., 1 So.2d 153.
It has often been said and held, and is repeated in Yellow Pine Lumber Company v. Maniscalco et al., La.App., 9 So.2d 320, that liens and privileges which confer special and preferential advantages are in derogation of common rights. Their operative effect must be strictly construed and may not be extended by analogy or implication.
The interpretation given above finds support in the history of legislation of the character herein discussed. The 1926 act superseded Act No. 139 of 1922, section 3 *Page 503 
of which, in part, reads as follows: "* * * where the person for whom the work is done or with whom the contract is made, or by whom the work is done is not the owner of the land upon which thework is located, then the liens and privileges created and established by this Act shall operate upon whatever right said person having the work done, or doing the work, may have to the use of the land as lessee, usufructuary or otherwise; and saidlien and privilege shall operate against the lease such personholds if there is one * * *."
The fact that the words "usufructuary or otherwise", having reference to the character of the right against which the lien would operate, in addition to the improvement, are omitted from the 1926 act, is highly significant. Evidently the far-reaching mischief and confusion that would result from these words remaining in the act was seen. They were intentionally omitted from the later enactment, and in doing so the operative effect of the lien and privilege was definitely confined to those instances where the improvement is erected with the consent of or at the request of the owner or the lessee of the owner.
In the respects herein discussed, the provisions of the 1926 act are in substance not unlike those of Article 3249 of the Civil Code. This article enumerates the various creditors who, because of the nature of their debts, enjoy a privilege upon immovables. Among such creditors are listed contractors, laborers and other workmen employed in constructing buildings or making other works and those who "have supplied the owner * * * with materials of any kind for the construction * * * when such materials have been used in the erection or repair of such houses or other works." The article then states: "The above named parties shall have a lien and privilege upon the building, improvement or other work erected, and upon the lot of ground not exceeding one acre, upon which the building, improvement or other work shall be erected; provided, that such lot of ground belongsto the person having such building, improvement or other workerected; and if such building, improvement or other work is caused to be erected by a lessee of the lot of ground, in that case the privilege shall exist only against the lease and shall not affect the owner."
As is said in the 1926 act, so it is said in this article of the Code, that the lien and privilege come into existence only when the improvement has been made upon land of the owner and by and with his consent; and affect the land and the improvement as a unit. In case the improvement is done by the lessee, the lien and privilege affect only the lease; not the owner of the land.
Appellant argues that the case of Shreveport Long Leaf Lumber Company, Inc., v. Parker et al., La.App., 144 So. 153, supports his position. We do not think so. In that case the owner of the new building (replacing one destroyed by fire) was lessee of the lot on which the new building was erected. The lien and privilege on the new building became effective before the lease was dissolved by judgment of the court. This court, through Judge Palmer, held that the rights of the lienor were not destroyed by the judgment terminating the lease. In so holding the court gave the maximum of effect to that part of Section 11 of the 1926 act dealing with the rights of lienors quoad the lease, the lessee and the improvements erected by him on the leased premises. But for this express exception to the general rule provided in Section 1 of the act, doubtless the court would have held otherwise.
Appellant argues that the case of McKnight v. Parish of Grant, 30 La.Ann. 361, 31 Am.Rep. 226, sustains him in the contention that Article 3249 of the Civil Code affords him relief if the 1926 act does not. It was held in that case that the contractor who furnished materials and labor to construct a parish jail had a lien and privilege upon the jail, but not the lot. In that case, however, the jail was erected pursuant to contract with the parish, owner of the lot whereupon built. In view of more recent decisions of the Supreme Court we seriously doubt that this case would now be followed. Porter v. Town of Ville Platte,158 La. 342, 104 So. 67; Town of Farmerville v. Commercial Credit Company, 173 La. 43, 130 So. 82, 76 A.L.R. 686; American-La France Foamite Industries, Inc., v. Town of Winnfield,184 La. 1043, 168 So. 293.
We are of the opinion that the lower court correctly adjudicated the issues tendered in this case and for the reasons herein assigned, the judgment appealed from is affirmed with costs. *Page 504