SWIFT, Judge.
The plaintiff, Security Homestead Association, has taken this appeal from a judgment on a rule declaring its vendor’s privilege and lien on residential property at 230 Bermuda Street in Algiers inferior to two materialmen’s liens.
The property was acquired by Louis F. Schnell, Jr., from the plaintiff by a vendor’s lien deed containing the usual security clauses on May 10, 1968, but it was not recorded in either the conveyance or mortgage records until May 16 of that year. Its prior owner was William J. Spinella, who had also acquired the property from the plaintiff subject to a vendor’s privilege.
The record does not disclose any relationship at all between Spinella and Schnell. However, during the period from March, 1966, to June, 1968, the latter purchased considerable building materials from intervenors, W. H. Ward Lumber Co., Inc. and Duvic Hardware Company, Inc., and made extensive repairs to the building.
Other than the fact that William J. Spi-nella’s father visited the premises on one occasion and his son lived in the building for short periods from time to time while the remodeling was being done, there is nothing whatsoever in the record which indicates that the owner consented to the repair work or that he eve,, knew it was going on.
Neither Mr. Ward nor Mr. Duvic testified that he thought Schnell owned the property when the materials were first sold. Mr. Duvic thought Mr. Spinella’s *900 son was the owner, but later learned this was not the case. However, it is clear that such materials were sold to Schnell and charged to his account. When he failed to pay for same, materialmen’s liens were timely filed by each intervenor.
Mr. Schnell defaulted in his payments on the loan that was secured by plaintiff’s vendor’s lien, and on September 5, 1968, Security Homestead filed this foreclosure proceeding via executiva. Schnell’s whereabouts were unknown, and he was cited and served through an attorney appointed by the court in accordance with law. Ward and Duvic intervened in the foreclosure proceedings prior to the public sale of the property by the civil sheriff on October 24, 1968, asking that their liens be recognized as superior to that of Security Homestead and that they be paid by preference and priority out of the proceeds of the sale.
The trial judge ruled in favor of the in-tervenors and the homestead association has appealed.
The plaintiff acknowledges that since the work was commenced and the materials delivered to the premises prior to and within 30 days from the recordation of its vendor’s lien, the materialmen’s liens would outrank its vendor’s privilege and lien under LSA-R.S. 9:4801 and 4812, except for one thing. Louis F. Schnell, Jr., was not the owner of the property when most of the materials were purchased by him. Nor is there any evidence in the record to show that he was an authorized agent or representative of the owner, or one with whom the latter had contracted for the work, or that the improvements were made and the materials furnished with the consent or at the request of the owner, William J. Spi-nella.
The appellant’s position is correct under the law and circumstances presented here, except insofar as the materialmen’s liens secure the purchases made by Mr. Schnell on and after he became the owner of the property by his deed of May 10,1968.
LSA-R.S. 9:4801 et seq. provide privileges and liens for various parties engaged in construction and repair of immovable property and for the furnishers of material, machinery and fixtures used therein "with the consent or at the request of the owner thereof, or his authorized agent, or representative, or any person with whom the owner has contracted for such work, * * * (Emphasis supplied.) A mate-rialman’s privilege primes bona fide vendor’s privileges or mortgages unless the latter ‘‘exist and have been recorded before the work or labor has begun or any material has been furnished * * * (Emphasis supplied.)
Lien statutes are stricti juris. Their provisions must be interpreted rigidly and the privileges conferred thereby are not to be extended or enlarged either by implication or the application of equitable considerations. Pringle Associated Mortgage Corporation v. Eanes, La.App., 208 So.2d 346.
Therefore, these materialmen acquired no privilege or lien against the land and improvements on which they were used when the purchases were made by Mr. Schnell prior to becoming owner thereof on May 10, 1968, because it was not proved that he fell within one of the classifications of persons to whom such a privilege is granted by the statute or that the materials were used in the improvement with the consent or at the request of the owner of the property at that time. Boutte & Courrege v. Derokay, La.App., 168 So. 39; Yellow Pine Lumber Co. v. Maniscalco, La.App., 9 So.2d 320; Berg v. Schneider, La.App., 12 So.2d 501; and Fruge v. Muffoletto, 242 La. 569, 137 So.2d 336.
No lien or privilege was created under LSA-R.S. 9:4811, because it was not shown that Mr. Schnell was a lessee of the property at the times the materials were obtained by him. Jackson Homestead Ass’n. v. Zimmer, 16 La.App. 647, 134 So. 126; and Berg v. Schneider, supra.
*901 A contrary ruling must be made with respect to those purchases of materials made by Mr. Schnell on and after he became the owner of the property on May 10, 1968. The vendor’s privilege was created by Schnell’s deed of acquisition and existed at that time. However, the materialmen’s privileges also attached to the property upon his acquisition thereof even though the deed was not recorded. Heirs of Gal-laugher v. Hebrew Congregation, 1883, 35 La.Ann. 829. Since the work was going on and these materials were delivered to the premises prior to recordation of the homestead association’s privilege and lien on May 16, 1968, intervenor’s liens are superior to the plaintiff’s insofar as these later purchases are concerned.
The words of the lien statute are clear and unambiguous with respect to the situation before the court and we are bound to interpret them literally. The equities of the parties, of course, are of no consideration in these lien cases. However, we must point out for the unpaid materialmen that their sales were made to Mr. Schnell, not to the owner of this property. Certainly, justice would not be served by subjecting the owner’s property to a lien and requiring him to pay for remodelling that was done without his knowledge and consent.
The lower court relied heavily on Capital Bank & Trust Co. v. Broussard Paint & Wallpaper Co., La.App., 198 So.2d 204. We do not believe that decision is applicable in this situation. There the land was owned by Jesse D. White Enterprises, Inc. and the construction was done at the request of Jesse D. White, who was the president and sole stockholder of the corporation. The court correctly held that the improvements were made with the knowledge and consent of the owner of the property. No relationship of any nature between the owner and party causing the work to be done was established in the present case.
Like the Court of Appeal, First Circuit, we do not share the trial judge’s concern about the possibility of depriving a materialman of his lien by transferring ownership of the property from one purchaser to another after delivery of all materials and before recordation of his lien within the 60 day period. Where the materials have been used in the improvement of the property with the consent or at the request of the then owner of his authorized representative or contractor, the statute confers a privilege to the materialman and the right to subsequently perfect his lien. These rights cannot be affected by subsequent changes in ownership, and will be eliminated only through failure to timely record the materialman’s lien. Capital Bank & Trust Co. v. Broussard Paint & Wallpaper Co., supra, page 210, paragraphs 10 and 11.
For these reasons the judgment rendered below must be amended so as to recognize the superiority of intervenors’ liens and privileges only to the extent that they secure the cost of materials purchased and delivered to the premises on and after May 10, 1968.
Accordingly, such judgment is amended to order the civil sheriff to make payment, out of the proceeds of the sale of the property seized and sold herein, of the sum of $60.11 to intervenor, W. H. Ward Lumber Co., Inc., and the sum of $156.96 to inter-venor, Duvic Hardware Company, Inc., otherwise it is affirmed.
The costs of these proceedings, including this appeal, are to be shared in the proportions of one-half by appellant and one-half by appellees.
Amended and affirmed.