590 So.2d 664 (1991)
BOB McGAUGHEY LUMBER SALES, INC. and McGaughey Building Products, Inc., Plaintiffs-Appellants,
v.
The LEMOINE COMPANY, INCORPORATED, Meritplan Insurance Company and Federal Insurance Co., Defendants-Appellees.
No. 90-514.
Court of Appeal of Louisiana, Third Circuit.
November 13, 1991.
Weems, Abney, Wright & Feldman, Robert B. Dunlap, Shreveport, for plaintiffs/appellants.
Perret, Doise, Daigle, Longman, Russo & Zaunbrecher, Robert W. Daigle, Lafayette, for defendants/appellees.
Before GUIDRY, DOUCET and KNOLL, JJ.
GUIDRY, Judge.
Plaintiffs, Bob McGaughey Lumber Sales, Inc. and McGaughey Building Products, Inc. (hereafter collectively referred to as McGaughey), filed suit against The Lemoine Company, Inc., Meritplan Insurance Company and Federal Insurance Company (collectively referred to as defendants) seeking recovery of $25,385.82, plus interest and attorney's fees, allegedly due for materials supplied to Lemoine which were used and incorporated in State Project No. 08-20-00-85B-4, Medium Security Prison, Avoyelles Parish, Louisiana (hereafter Project).
Defendants filed a peremptory exception of no cause of action and/or no right of action which was sustained. Judgment reflecting the trial court's ruling and dismissing plaintiffs' suit was signed April 6, 1990. From that judgment McGaughey appeals.

*665 FACTS
Lemoine was the general contractor on the Project. On March 9, 1987, in conjunction with its construction of the Project, Lemoine entered into a subcontract with Knost Roofing and Construction Company, Inc. (hereafter Knost) for the construction of all built-up roofing and sheet metal work. Knost, in turn, executed a performance and payment bond with Meritplan. McGaughey furnished materials to Knost at the site of the Project. Those materials were then incorporated into the construction. Lemoine terminated Knost's contract before it was substantially complete allegedly due to Knost's failure to comply with the terms of the subcontract. Knost failed to make payments to McGaughey for materials in the amount of $25,385.82. Subsequently, Knost filed for protection under Chapter 11 of the Bankruptcy Code, In Re: Knost Roofing Company, Inc., Bankruptcy Case No. 88BK01628, United States Bankruptcy Court, Western District of Louisiana.
On May 12, 1988, McGaughey timely filed a Sworn Statement of Amount Due (statement of claim) pursuant to La.R.S. 38:2241 et seq. in the mortgage records of Avoyelles Parish. Notice of the statement of claim was mailed to the State of Louisiana, Division of Administration, with a copy to Lemoine, by regular mail on May 16, 1988. It is undisputed that Lemoine received the notice through regular mail on May 18, 1988. It is further undisputed that the notice was not delivered by either registered or certified mail. Additionally, it is undisputed that, on June 15, 1988, Lemoine received additional notification of the statement of claim pursuant to a letter dated June 14, 1988 from the State of Louisiana, Division of Administration.
On June 20, 1988, Lemoine filed a release of claim bond issued by Federal in the amount of $31,732.28 for the purpose of releasing the claim filed by plaintiffs.
Plaintiffs filed suit seeking to enforce their Public Works Act claim on March 20, 1989 which was dismissed on an exception filed by defendants.

OPINION
The trial court did not file oral or written reasons for its judgment. Defendants' only argument at the trial level and on appeal in support of its exception is the failure of McGaughey to serve Lemoine with notice of its claim by registered or certified mail. Presumably, the trial court sustained defendants' exception because of this omission and the settled principle that statutes relating to liens are strictly construed and are not subject to extension or enlargement by implication. We reverse.
La.R.S. 38:2247 states:
"Nothing in this Part shall be construed to deprive any claimant, as defined in this Part and who has complied with the notice and recordation requirements of R.S. 38:2242(B), of his right of action on the bond furnished pursuant to this Part, provided that said action must be brought against the surety or the contractor or both within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any claimant having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall in addition to the notice and recordation required in R.S. 38:2242(B) give written notice to said contractor within forty-five days from the recordation of the notice of acceptance by the owner of the work or notice by the owner of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office in the state of Louisiana."
Defendants argue that the claim of petitioner must fail because notice was not mailed by McGaughey to Lemoine via registered or certified mail. On the other *666 hand, McGaughey argues that the notice requirement of R.S. 38:2247 is satisfied if it be established that the contractor timely receives from the subcontractor written notice of the subcontractor's claim within 45 days of the recordation of the notice of acceptance by the owner of the work or notice by the owner of default. McGaughey urges that the notice requirements are satisfied upon timely receipt of written notice from the subcontractor whether by certified, registered or regular mail or by hand delivery. We agree.
The obvious purpose of the registered or certified notice requirement of R.S. 38:2247 is to assure actual receipt of written notice of the claim and to facilitate proof thereof. In Daigle v. Donald M. Clement Contractor, 533 So.2d 1064 (La. App. 4th Cir.1988), writ denied, 536 So.2d 1216 (La.1989), the court observed that what is required is actual notice. In Daigle, supra, the subcontractor hand delivered notice to the contractor within the 45 day period. Subsequently, he mailed a certified letter to the contractor. Although the letter was mailed within the 45 day time limit, it was not received until six months later. The contractor argued that notice was not proper since it was not received within the prescribed time limit. The court rejected the contractor's contention, stating that the hand delivery was sufficient.
In Powers Regulator Co. v. Murphy's Plumbing Service, Inc., 311 So.2d 503 (La. App. 4th Cir.1975), the court, obviously concerned with actual notice rather than strict compliance with the statute, rejected the claim of a subcontractor who sent notice by certified mail which was never delivered to the contractor. In that case the certified letter was returned to the claimant within the 45 days and the claimant took no further steps to accomplish delivery. The basis of the court's ruling was lack of actual notice of the claim to the contractor.
As previously mentioned, one of the purposes of the certified mailing requirement is proof. The certification does not provide any additional notice to the contractor. If Lemoine denied receiving the notice, then the burden would be upon McGaughey to show that it was actually timely received. Receipt, however, is not at issue in the case sub judice. The record contains a copy of the letters which show the date of receipt of both letters. Further, defendants admit timely receipt of McGaughey's written notice in their responses to interrogatories and requests for admissions of fact.
Although not binding, we find jurisprudence from the Federal courts interpreting a similar Federal statute, 40 U.S.C.S. § 270a et seq. (the Miller Act), persuasive.
The Miller Act, like the Public Works Act, assures subcontractors and suppliers who perform work or supply materials on federal projects that they will be paid. Further, as with the Public Works Act, the Miller Act provides that persons who have no direct contractual relationship with the contractor, but have a direct contractual relationship with a subcontractor, must give written notice to the prime contractor within 90 days from the date on which the claimant performed labor or furnished materials to the job. Section 270b(a) provides, in part, that:
"... Such notice shall be served by mailing the same by registered mail, postage prepaid, in an envelope addressed to the contractor at any place he maintains an office or conducts his business, or his residence, or in any manner in which the United States marshal of the district in which the public improvement is situated is authorized by law to serve summons."
We are persuaded by the reasoning of the judges of the United States Court of Appeal, Ninth Circuit, where, in U.S., Hillsdale Rock, Etc. v. Cortelyou and Cole, Inc., 581 F.2d 239 (9th Cir.1978), they stated:
"... [A]lthough Hillsdale did not meticulously follow the registered mail portions of the notice requirements outlined in 40 U.S.C. § 270b, all relevant parties received actual notice, within the ninety-day time period allowed by the section, by regular United States mail, of Bottari's defalcation. Indeed, as was pointed out at oral argument, neither C & C *667 nor UPIG has ever denied the receipt of actual, timely notice.
Faced with analogous circumstances, other courts have often held that actual notice is sufficient to fulfill the notice or accuracy requirements of the Act. See, e.g., United States ex rel. Kelly-Mohrhusen Co. v. Merle A. Patnode Co., 457 F.2d 116, 118-19 (7th Cir.1972); Houston Fire and Casualty Ins. Co. v. United States ex rel. Trane Co., 217 F.2d 727 (5th Cir.1954). Of particular relevance and significance, however, is the decision of the United States Supreme Court in Fleisher Eng'r & Constr. Co. v. United States ex rel. Hallenbeck, 311 U.S. 15, 61 S.Ct. 81, 85 L.Ed. 12 (1940), in which the Court, espousing liberal construction for a remedial act, held that the notice requirements of the Miller Act were met so long as the relevant contractor received actual knowledge within ninety days. Indeed, it would appear from the Fleisher opinion that there is no doubt in the case at hand concerning the legal sufficiency of the notice given by Hillsdale."
In sum, we determine that the notice requirements of R.S. 38:2247 are satisfied upon proof that written notice from a claimant having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor is actually served on the contractor within the statutory delay and, if by mail, the service thereof is not rendered ineffective because the notice is not by certified or registered mail. We do not find this result contrary to the established principle requiring rigid and strict construction of lien statutes nor are we persuaded otherwise by appellees' reliance on Interstate School Supply Company v. Guitreau's Construction and Consulting Company, Inc., et al., 542 So.2d 138 (La.App. 1st Cir.1989). The Interstate School Supply case was decided on the question of timeliness of the notice: "Finding the notice to [be] ... one day late, which appears undisputed, the trial court maintained the exception.... Since the reason for having no cause of action is failure to meet the delays for filing notice... the trial court's dismissal of appellant's suit is affirmed". Interstate School Supply, supra, at 139.
For these reasons, we reverse the judgment of the trial court, overrule defendants' peremptory exception and remand this matter to the trial court for further proceedings consistent with the views expressed. All costs of this appeal are assessed to defendants-appellees.
REVERSED AND REMANDED.