619 So.2d 876 (1993)
COLE'S CONSTRUCTION CO., INC. and Jerry Cole, Jr., Plaintiffs-Appellees,
v.
Irby KNOTTS, Clerk of Court for the Parish of Natchitoches and Sidney Spight, Defendants-Appellants.
No. 92-631.
Court of Appeal of Louisiana, Third Circuit.
June 2, 1993.
Leo Charles Hamilton, Baton Rouge, for Cole's Const. Co., Inc., etc.
A. Morgan Brian Jr., New Orleans, for Sidney Spight.
Before STOKER, DECUIR and CULPEPPER[*], JJ.
STOKER, Judge.
This appeal arises out of a mandamus proceeding for the cancellation of a "lien affidavit" or statement of claim filed under LSA-R.S. 38:2241 et seq. of the Public Works Act. The prime contractor on the public works project sought cancellation of the statement of claim on the ground that the alleged "claimant" failed to qualify as a "claimant" because it did not exist and that in any event there was no written contract for the lease of equipment as required under LSA-R.S. 38:2242.

FACTS
Cole's Construction Co., Inc. (Cole's) entered into a contract, as prime contractor, with the State of Louisiana in connection with the construction of a highway in Natchitoches Parish, State Project No. XXX-XX-XXXX. Sidney Spight, on behalf of Country Construction Co., allegedly entered into an agreement with Cole's to lease equipment and furnish labor for the project.
The project was completed on August 8, 1991, and the State filed Notice of Final *877 Acceptance on September 9, 1991. On September 9, 1991, Spight, on behalf of Country Construction Co., filed a "lien affidavit" or statement of claim in the Natchitoches Parish mortgage records. Spight alleged in the affidavit that Country Construction Co. furnished equipment and labor for the project and listed Country Construction Co. as "a Louisiana corporation." Spight listed Country Construction as the claimant. However, it is undisputed that Country Construction Co. was not a corporation; apparently, Country Construction was merely the trade name by which Spight did business as a sole proprietor.
On October 29, 1991, Cole's requested by letter that Spight authorize the Clerk of Court to cancel the inscription. Spight did not authorize the cancellation. Rather, Spight's attorney executed an affidavit of correction on November 11, 1991, asserting that "COUNTRY CONSTRUCTION is unincorporated and should be listed as: SIDNEY SPIGHT d/b/a COUNTRY CONSTRUCTION." Spight alleges that this affidavit was recorded and cross-annotated on November 14, 1991.
On December 9, 1991, Cole's filed a petition for writ of mandamus. Essentially, Cole's urged that Country Construction Co. failed to qualify as a "claimant" under LSA-R.S. 38:2242 in that (1) a claimant must be a "person" and Country Construction Co. as designated in the affidavit was neither a juridical or natural person and (2) even if Country Construction Co. were a "person", there was no written contract between it and the State for the lease of equipment.

TRIAL COURT ACTION
The trial court ordered the Clerk of Court to cancel the inscription and cast Spight with costs and attorney fees. The court stated in oral reasons: "I'm going to grant judgment canceling the lien on the basis that the lien was improperly filed and [sic] that it named the Country Construction Company Incorporated which was not an entity and would not have had the standing to file it." The trial court did not address the lack of a written contract for lease of equipment.
Spight appeals. We reverse the trial court's order which cancelled the entire statement of claim. We order the Clerk of Court of Natchitoches Parish, Louisiana, to effect a partial release of the claim to the extent of $27,370, the amount of rentals. We reverse the award of attorney fees.

DISCUSSION
LSA-R.S. 38:2242 provides in part:
"A. (1) "Claimant", as used in this Chapter, means any person to whom money is due pursuant to a contract with the owner or a contractor or subcontractor for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, or for transporting and delivering such materials or supplies to the site of the job by a for-hire carrier, or for furnishing oil, gas, electricity, or other materials or supplies for use in machines used in the construction, alteration, or repair of any public works, including persons to whom money is due for the lease or rental of movable property, used at the site of the immovable and leased to the owner by written contract, and including registered or certified surveyors or engineers, or licensed architects, or their professional subconsultants, employed by the owner, or by the contractor or subcontractor in connection with the building of any public work. "(2) "Claimant", as used in this Chapter, means any person to whom money is due pursuant to a contract with a contractor or subcontractor for doing work, performing labor, or furnishing materials or supplies for the construction, alteration, or repair of any public works, or for transporting and delivering such materials or supplies to the site of the job by a for-hire carrier, or for furnishing oil, gas, electricity, or other materials or supplies for use in machines used in the construction, alteration, or repair of any public works, including persons to whom money is due for the lease or rental of movable property, used at the site of the immovable *878 and leased to the owner by written contract, and including any architect or consulting engineer engaged by the contractor or subcontractor in connection with the building of any public work. Amended by Acts 1989, No. 305, § 1; Acts 1990, No. 913, § 1; Acts 1990, No. 984, § 1.
"B. Any claimant may after the maturity of his claim and within forty-five days after the recordation of acceptance of the work by the governing authority or of notice of default of the contractor or subcontractor, file a sworn statement of the amount due him with the governing authority having the work done and record it in the office of the recorder of mortgages for the parish in which the work is done."
Spight filed the statement of claim on the day that the State filed Notice of Final Acceptance. He listed himself as owner of Country Construction Co. and signed the affidavit. Spight asserted in the affidavit that "Country Construction furnished equipment and labor to Cole's Construction Co. Inc. ... and Jerry Cole ... for use in connection with the construction of a highway in Natchitoches Parish, State Project # XXX-XX-XXXX." Spight also asserted that there was an outstanding balance of $45,839.27 on the claim.
The purpose in part of the filing and recordation requirements under LSA-R.S. 38:2242(B) is to give timely notice of the claim to the state. In light of the foregoing information listed in the affidavit, we find that the affidavit was sufficient to serve that intended purpose. The nominal error of designating the claimant as a corporation rather than a sole proprietorship is inconsequential and insufficient to render the statement of claim invalid. See Perry v. J.M. Lewis & Co., 14 La.App. 90, 129 So. 406 (La.App. 2d Cir.1930) in which claims were not sworn to and filed by the claimants in person but by their attorney; the court refused to hold such claims invalid as to the principal contractor simply on that technical basis. The court noted that this was not a contest between claimants and the highway commission.
We hold that the trial court erred in issuing the writ of mandamus on the basis of Spight's technical error in designating Country Construction as a corporation and as the claimant rather than as a proprietorship with Spight as claimant. We do not find this result contrary to the principle requiring rigid and strict construction of lien statutes. Louisiana has long evidenced an intent to protect those who perform work and supply materials for the construction and repair of buildings and other works. Wilkin v. Dev Con Builders, Inc., 561 So.2d 66 (La.1990). To remove this protection from Spight on the basis of the technical error listed above would be to subvert that intent for no useful or intended purpose. This court has previously refused to allow a technical defect in transmitting the notice required under LSA-R.S. 38:2247 to defeat a claimant's right of action on the bond under the Public Works Act. See Bob McGaughey Lumber Sales, Inc. v. Lemoine Co., Inc., 590 So.2d 664 (La.App. 3d Cir.1991), in which this court held that actual timely service of written notice, although not by registered or certified mail, met the requirements of LSA-R.S. 38:2247, which requires notice by registered or certified mail.
We turn now to Cole's alternative basis for the writ of mandamus, i.e. that there was no written contract for lease of the equipment as required under LSA-R.S. 38:2242. It is not disputed that Spight did not enter into a written agreement for the lease of the equipment. Thus, Spight does not qualify as a claimant for the rental of equipment.
Spight admits in brief that the portion of the claim for the rental of equipment is not valid. However, he requests that this court strike only the invalid rental portion from the claim and uphold the validity of the claim to the extent of amounts owed for labor.
Spight claims that $27,370 of the $45,839.27 total is for equipment rental. Accordingly, we order a release of the lien to the extent of $27,370.
We also reverse the award of attorney fees. An alleged claimant is liable for *879 reasonable attorney fees incurred in causing the statement to be cancelled if the statement of claim is improperly filed and the alleged claimant, without reasonable cause, fails to deliver written authorization to cancel the statement. LSA-R.S. 38:2242.1. The record supports that Spight had reasonable cause to refuse to authorize cancellation of the invalid portion of the claim. A different attorney represented Spight in filing the claim and at the hearing; that attorney may well have concluded that Spight was a provider of services rather than a lessor of equipment such that the failure to execute a written contract of lease did not disqualify Spight as a claimant. We do not find such a conclusion to be unreasonable under the circumstances. See Woodrow Wilson Construction Co. v. James A. Teague Rental Equipment, Inc., 598 So.2d 1228 (La.App. 4th Cir.), writ denied 604 So.2d 968 (La.1992).

DISPOSITION
For the foregoing reasons, we reverse the trial court's order cancelling the claim in its entirety. Accordingly, we hereby order the Clerk of Court of Natchitoches Parish, Louisiana, to effect a partial release of the claim in question to the extent of $27,370, the amount of rentals. We reverse the award of attorney fees.
REVERSED and RENDERED.
NOTES
[*] Honorable William A. Culpepper participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.