819 So.2d 362 (2002)
GILCHRIST CONSTRUCTION CO., INC.
v.
TERRAL RIVERSERVICE, INC.
No. 01-1617.
Court of Appeal of Louisiana, Third Circuit.
May 1, 2002.
Rehearing Denied June 26, 2002.
*363 Elizabeth Erny Foote, Percy, Smith, Foote & Gadel, Alexandria, LA, Counsel for Plaintiff/Appellee Gilchrist Construction Co.
Fred Sherman Boughton, Jr., McGlinchey Stafford, New Orleans, LA, Counsel for Defendant/Appellant Terral River Service, Inc.
Court composed of JOHN D. SAUNDERS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
GREMILLION, Judge.
The defendant, Terral RiverService Inc., appeals the judgment of the trial court ordering the cancellation of its lien due to its failure to comply with the appropriate notice requirements. For the following reasons, we reverse.

*364 FACTS
On February 9, 2000, Gilchrist Construction Company entered into a general contract with the State of Louisiana, through the Department of Transportation and Development (DOTD), for the construction of roads in Evangeline Parish, pursuant to State Project XXX-XX-XXXX. Gilchrist then entered into a subcontract with Oden Metro Turfing, Inc., for the provision of certain work under the contract. Oden, in turn, subcontracted with Terral for the delivery of forty-six thousand tons of aggregate limestone rock to the project site. However, after Terral completed delivery of the rock to the site, Oden failed to remit payment.
On October 27, 2000, Terral sent a letter to Oden demanding immediate payment of $119,838.90, the past-due amount owed it under the contract. A copy of this letter was sent via regular mail to Randy Gilchrist of Gilchrist Construction. On October 31, 2000, Terral sent a letter to Lionel B. DeVille, of the Louisiana Department of Transportation, referencing Job # XXX-XX-XXXX/LA 167. The letter stated:
Enclosed find a copy of a letter sent to Oden Metro Turfing, Inc. and Gilchrist Construction regarding the above-mentioned job. As per the attached letter, we have demanded immediate payment from Oden Metro Turfing, Inc. for material delivered to the job site. We understand that DOTD holds a portion of the payment on any State job, until such time as all vendors are paid in full. Terral RiverService, Inc. asks that we be notified prior to the completion of the job in order that a lien may be filed against the job in the event that we have not been paid in full.
Terral also sent a copy of this letter to Randy Gilchrist via regular mail. Employees with Terral also initiated numerous phone conversations with Gilchrist employees beginning on October 27, 2000, concerning Oden's failure to pay for the services supplied under the contract.
On January 2, 2001, Terral filed a Sworn Statement of Amount Due in Mortgage Book 357, Page 110, of the mortgage records of Evangeline Parish. The affidavit of Thomas M. Gattle, Jr., Terral's president, states that Oden is indebted to Terral in the amount of $115,220.72, plus two percent service charges per month after thirty days, for transporting and delivering materials to the job site in Evangeline Parish, pursuant to Louisiana Department of Transportation and Development Contract Number XXX-XX-XXXX, LA Hwy. 167. The affidavit further states that it is being made for the purpose of preserving Terral's lien and privilege against Gilchrist.
On March 20, 2001, the State filed a Notice of Acceptance for State Project XXX-XX-XXXX in Mortgage Book 359, Page 680, of the Evangeline Parish mortgage records. On April 11, 2001, Terral filed a claim against Gilchrist's bond, by sending notice to Corey, Tucker and Larrowe, Inc., the bonding agent for Hartford Fire Insurance Company, Gilchrist Construction's surety. On June 25, 2001, Gilchrist sent notice via certified mail requesting cancellation of Terral's lien within ten days, pursuant to La.R.S. 38:2242.1.
On July 27, 2001, Gilchrist filed a Petition for Cancellation of Statement of Claim or Privilege and for Damages based on Terral's failure to cancel its lien. Following a hearing on the merits, the trial court ordered the lien cancelled due to Terral's failure to meet the statutory requirements of notification despite its finding that Gilchrist had knowledge of its claim. This suspensive appeal by Terral followed.

ISSUES
On appeal, Terral raises three assignments of error. It claims that the trial *365 court erred in applying Title 38 to the facts of this matter; in finding that, although Gilchrist had actual notice of the claim, that notice was faulty and did not comply with the time delays pursuant to Title 48; and in ordering the cancellation of its lien affidavit based on its failure to comply with technical statutory requirements.

LAW
The interpretation of a statute is a question of law, which an appellate court reviews by determining whether the trial court's decision is legally correct or incorrect. Shell v. Wal-Mart Stores, Inc., 00-997 (La.App. 3 Cir. 3/21/01), 782 So.2d 1155, writ denied, 01-1149 (La.6/15/01), 793 So.2d 1244; Jim Walter Homes, Inc. v. Jessen, 98-1685 (La.App. 3 Cir. 3/31/99), 732 So.2d 699.

TITLE 38
In its first assignment of error, Terral argues that the trial court erred in applying the notice requirements of Title 38, dealing with Public Contracts, since Title 48 controls the public contracts of DOTD. We agree.
Title 48 contains all laws regulating DOTD. The laws pertaining to its operation and technical functions are contained in Part XIII, La.R.S. 48:250 et seq., which contains the procedures to be used by claimants filing claims arising from a DOTD contract. La.R.S. 48:256.3 et seq. La.R.S. 48:250, which was added by Acts 1997, No. 1112, § 1, and became effective on July 14, 1997, specifically provides that "[t]his Part shall exclusively govern the contracts of the Department of Transportation and Development or let by the department on behalf of other political subdivisions of the state in addition to the laws of the state relating generally to obligations and the department not in conflict with the Part." Since this matter involves a claim by a subcontractor pursuant to a DOTD contract, Title 48 and the procedures set out in La.R.S. 48:256.3 et seq. govern. The trial court's application of the procedures contained in Title 38 was erroneous. We must now determine whether Terral satisfied the notice requirements of La.R.S. 48:256.5 and 48:256.12.

NOTICE
La.R.S. 48:256.5(B) provides:
Any claimant shall, after the maturity of his claim and within forty-five days after the recordation of final acceptance of the work by the department or of notice of default of the contractor or subcontractor, file a copy of sworn statement of the amount due him with the department having the work done and record the original sworn statement of the amount due him in the office of the recorder of mortgages for the parish in which the work is done.
La.R.S. 48:256.12 further provides:
Nothing in this Part shall be construed to deprive any claimant, as defined in this Part and who has complied with the notice and recordation requirements of R.S. 48:256.5(B), of his right of action on the bond furnished pursuant to this Part, provided that said action must be brought against the surety or the contractor or both within one year from the registry of acceptance of the work or of notice of default of the contractor; except that before any claimant having a direct contractual relationship with a subcontractor but no contractual relationship with the contractor shall have a right of action against the contractor or the surety on the bond furnished by the contractor, he shall in addition to the notice and recordation required in R.S. 48:256.5(B) give written notice to said contractor and surety within forty-five *366 days from the recordation of the notice of final acceptance by the department of the work or notice by the department of default, stating with substantial accuracy the amount claimed and the name of the party to whom the material was furnished or supplied or for whom the labor or service was done or performed. Such notice shall be served by mailing the same by registered or certified mail, postage prepaid, in envelopes addressed separately to the contractor and surety at any place each maintains an office in the state of Louisiana.
Terral complied with La.R.S. 48:256.5(B), by filing a Sworn Statement of Amount Due in the mortgage records of Evangeline Parish on January 2, 2001, after it sent a demand for payment to Oden on October 27, 2000. Although the statement was filed and notice sent to Gilchrist Construction prior to DOTD's notice of acceptance, we do not find this detrimental to Terral's claim. La.R.S. 48:256.5(B) only contemplates a situation in which the notice of acceptance is filed prior to the lien being filed. This was the same conclusion reached by the court in "K" Construction, Inc. v. Burko Construction, Inc., 629 So.2d 1370 (La.App. 4 Cir.1993), writ denied, 94-0149 (La.3/11/94), 634 So.2d 391. Although that case involved La.R.S. 38:2242(B) of the Public Works Act, the language in that statute is virtually identical to the language in La.R.S. 48:256.5(B). In that case, the court simply determined whether the defendants received sufficient notice of the plaintiffs' claims. Accordingly, we find that the requirement of La.R.S. 48:256.5(B) was satisfied. Thus, our next issue is whether Terral satisfied the requirements of La.R.S. 48:256.12.
Since Terral was a subcontractor of Oden, it did not have a direct relationship with Gilchrist Construction. Thus, under La.R.S. 48:256.12, it was also required to send written notice to both Gilchrist Construction and its surety within forty-five days from DOTD's Notice of Acceptance, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were supplied. According to the statute, this notice is to be sent by registered or certified mail.
After reviewing the evidence, we find that Terral did provide notice of its claim to Gilchrist Construction sufficient to satisfy the requirements of La.R.S. 48:256.12. Terral sent Gilchrist copies of two letters which included information pertaining to its claim against Oden. An October 27, 2000 letter, addressed to Oden, contained the amount owed by it to Terral. An October 31, 2000 letter, addressed to Lionel DeVille, enclosed the October 27th letter. Although neither of these letters were sent to Gilchrist Construction via certified or registered mail, this does not defeat Terral's claim.
In Bob McGaughey Lumber Sales, Inc. v. Lemoine Co., Inc., 590 So.2d 664, 666 (La.App. 3 Cir.1991), this court held that the certified mail requirement of La.R.S. 38:2247, which contains language identical to La.R.S. 48:256.12, was to "assure actual receipt of written notice of the claim and to facilitate proof thereof." If a party denies receiving written notice of the claim, then the burden would be on the claimant to prove that notice was received. Id.
Kimberly Gilchrist, controller for Gilchrist Construction, testified that she received the October 31, 2000 letter from Terral, but not the October 27th letter. She further testified that the October 31st letter did not include an amount owed by Oden to Terral. Bert Guiberteau, an agent with Cory, Tucker and Larrowe, Inc., testified that he received a letter from Terral's counsel on April 11, 2001, concerning its claim against Hartford on Gilchrist *367 Construction's bond. Attached to this letter was a copy of Terral's lien affidavit and invoices. Guiberteau testified that he sent a copy of this letter on to Gilchrist Construction.
Kim King, secretary for Terral, testified that she transcribed and mailed the October 27th and 31st letters, and that a copy of these were sent to Gilchrist Construction. Thomas Gattle, Terral's president, testified that he composed the letters and told King to forward a copy of each to Gilchrist Construction. Jimmy Gunter, a sales distributor for Terral, testified that he signed both letters. All three testified that neither of the letters were returned to Terral as being undeliverable.
Based on this evidence, we find that Gilchrist Construction received actual written notice of Terral's lien within forty-five days of DOTD's Notification of Acceptance of the project on March 20, 2001. Accordingly, Terral has satisfied the requirements of La.R.S. 48:256.12. The trial court's judgment ordering the cancellation of its lien is reversed. The matter is remanded to the trial court for further proceedings on Terral's concursus hearing.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded for further proceedings. The costs of this appeal are assessed against the plaintiff-appellee, Gilchrist Construction.
REVERSED AND REMANDED.